Robert A. LIPSON, Petitioner
Below–Appellant,

v.

Joan P. LIPSON, Respondent
Below–Appellee.

No. 108, 2001.

Supreme Court of Delaware.

Submitted: March 29, 2001.
Decided: June 21, 2001.

Francine R. Solomon, Esquire, of Ferrara, Haley, Bevis & Solomon, Wilmington, Delaware, for appellant.

Gerald Z. Berkowitz, Esquire, of Berkowitz, Schagrin, Coonin & Cooper, P.A., Wilmington, for appellee.

Before VEASEY, Chief Justice, HOLLAND and BERGER, Justices.

HOLLAND, Justice.

The appellant, Robert Lipson ("Husband"), filed a notice of appeal with this Court on March 5, 2001. The Husband seeks to appeal five separate orders of the Family Court dated April 5, 1999, September 1, 2000, November 30, 2000, January 3, 2001, and February 8, 2001. The orders addressed the following issues: (i) interim unallocated alimony and child support (April 5, 1999); (ii) ancillary relief, alimony, and fees (September 1, 2000); (iii)

1. *Gaffin v. Teledyne, Inc.*, Del.Supr., No. 178, 1991, Moore, J., 1991 WL 181488 (Aug. 23,

reargument relating to the September 1, 2000 order (November 30, 2000); (iv) disposition of a Rule 60(a) motion (November 30, 2000); and (v) attorney's fees (February 8, 2001).

### Motion to Dismiss

The appellee, Joan Lipson ("Wife"), has filed a motion to dismiss the appeal on the grounds that the Husband's appeal was not timely filed as to any of the Family Court's orders except the order dated February 8, 2001. The Wife contends, among other things, that the Family Court in its November 30, 2000 decision disposing of the motion for reargument, stated that the decision was "a final order effective December 11, 2000." The Wife therefore argues that the Husband was required to file his notice of appeal within 30 days of December 11, 2000.

The Husband has filed a response to the Wife's motion to dismiss. The Husband contends that, notwithstanding the Family Court's statement that the November 30, 2000 order would become final as of December 11, 2000, the ancillary matters before the Family Court could not be considered final for purposes of appeal until the Family Court entered its decision on the related issue of attorney's fees, which did not occur until February 8, 2001.

The Court has carefully considered the parties' respective positions. The Family Court's statement that its order would become final as of a date certain is not dispositive of whether that decision was the Family Court's "final act" for purposes of appeal.[1] We have determined that the motion to dismiss should be denied. The Clerk has been directed to issue a briefing schedule.

1991) (ORDER).

### Divorce and Ancillary Relief

When a party files a petition for divorce or annulment in the Family Court, in addition to a prayer for divorce or annulment, the relief prayed for may include prayers for other relief that may be available under Title 13 "including, without limitation, prayers for interim relief (§ 1509), alimony (§ 1512), property disposition (§ 1513), resumption of prior name (§ 1514), costs and attorneys' fees (§ 1515), support for a child (subchapter I, Chapter 5) and custody and/or child visitation (subchapter II, Chapter 7)." [2] "The right of a party to petition for ancillary relief, is not an assertion of a separate cause of action, 'but is a prayer that the [Family] [C]ourt, in its discretion, exercise one of its incidental powers possessed solely by reason of its jurisdiction over the matrimonial cause.'" [3]

█ For purposes of appeal, however, the final order granting a divorce decree and a final order regarding ancillary relief are severable. The language of Section 1518(a) states:

A decree granting ... a petition for divorce ... is final when entered, subject to the right of appeal. An appeal that does not challenge the decree of divorce ... but challenges only rulings with respect to relief awarded under other sections of this chapter, or other

matters incidental or collateral to such decree, shall not delay the finality of the decree of divorce ... and the parties may remarry while the appeal is pending.[4]

█ When the Family Court retains jurisdiction to consider requests for ancillary relief, following the entry of a divorce decree, each *final* ruling on a request for a specific type of ancillary relief is directly and separately appealable to this Court.[5] All rulings that are made within the context of a particular ancillary proceeding are not necessarily final, however, and, therefore, appealable as a matter of right, e.g., an award of interim alimony is clearly not a final ruling on an ancillary application for alimony. An appeal from an interlocutory ruling, which is made within the course of deciding a particular request for ancillary relief, is subject to the requirements of Supreme Court Rule 42.

### Final Judgment Rule

█ An aggrieved party can appeal to this Court, as a matter of right, only after a final judgment is entered by the trial court.[6] "A 'final decision' is generally defined as one that ends the litigation on the merits and leaves nothing for the trial court to do but execute the judgment." [7] The proper application of the final judg-

2. 13 *Del. C.* § 1507(f).

3. *Villarroel v. Villarroel*, Del.Supr., 562 A.2d 1180, 1183 (1989) (quoting *Gilbert v. Gilbert*, Del.Supr., 185 A.2d 73, 75 (1962)). The jurisdiction of the Family Court is defined by statute. Under the Delaware Divorce and Annulment Act, the Family Court has basic authority to dissolve marriages in actions for divorce or annulment. 13 *Del. C.* § 1504. Ancillary to that general power, it may divide marital property, award alimony, and grant attorney's fees sought by the parties. 13 *Del. C.* §§ 1512, 1513 & 1515. Ancillary relief may be invoked by the petition for divorce, the response thereto, or by motion prior to

entry or denial of divorce. 13 *Del. C.* § 1518(c).

4. 13 *Del. C.* § 1518(a).

5. *See, e.g., Ann Marie H. v. Joseph J. H.*, Del. Supr., 456 A.2d 1233 (1983) (alimony and attorneys fees); *Jerry L.C. v. Lucille H. C.*, Del.Supr., 448 A.2d 223 (1982) (division of marital property).

6. Del. Const. art. IV, § 11(1)(a); *Harrison v. Ramunno*, Del.Supr., 730 A.2d 653 (1999).

7. *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945).

ment rule has been the subject of frequent litigation in federal and state courts.[8]

### Federal Finality and Attorney's Fees

In this case, the question presented is whether a decision on the merits of an application for the ancillary relief of alimony constituted a separately appealable final judgment, notwithstanding the fact that a related application for an award of attorney's fees remained undecided. At one time, the United States Supreme Court suggested the answer to the question of finality on the merits in federal courts, prior to ruling on a related request for attorney's fees, would "turn upon the characterization of those [attorney's] fees by the statute or decisional law that authorizes them."[9] Several years later, after those distinctions caused more confusion than certainty, the United States Supreme Court adopted "a uniform rule that an unresolved issue of attorney's fees does not prevent a judgment on the merits from being final."[10]

### Delaware Finality and Attorney's Fees

In this case, the ancillary relief at issue was for alimony and for an award of attorney's fees related to the application for alimony. The appellant filed this appeal after the issue of attorney's fees had been decided. This Court has held that an order is deemed final and appealable if the decision is the trial court's last act in disposing of all justiciable matters within its jurisdiction.[11]

Section 1515 provides that the Family Court may "from time to time" award either party attorney's fees for maintaining or defending a divorce or *any* ancillary proceeding under Chapter 15 of Title 13. In most cases, an application for any type of ancillary relief in conjunction with a divorce proceeding is accompanied by a related application for attorney's fees.[12] Consequently, this Court has consistently held, and hereby reaffirmed, that a judgment on the merits of any request for ancillary relief is not final until an outstanding related application for an award of attorney's fees has been decided.[13]

There are, however, two independent methods of seeking appellate review by this Court of a decision on the merits of a particular application for ancillary relief, before the issue of attorney's fees has been decided by the trial court. First, the party

**8.** *See* 46 Am.Jur.2d *Judgments* §§ 200–202 (1994); Carleton M. Crick, *The Final Judgment as a Basis for Appeal*, 41 Yale L.J. 539 (1932).

**9.** *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988); *see also White v. New Hampshire Dep't of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980).

**10.** *Budinich v. Becton Dickinson and Co.*, 486 U.S. at 201, 108 S.Ct. 1717; *see* Robert J. Martineau, *Defining Finality and Appealability by Court Rule: Right Problem, Wrong Solution*, 54 U. Pitt. L.Rev. 1717, 1744 (1993) (critically assessing the holding in *Budinich*).

**11.** *J.I. Kislak Mortgage Corp. v. William Matthews, Bldr., Inc.*, Del.Supr., 303 A.2d 648, 650 (1973).

**12.** For example, an application for attorney's fees in conjunction with an ancillary relief application for alimony, property division, resumption of prior name, child support, or custody.

**13.** *Kaufman v. Kaufman*, Del.Supr., No. 8, 1992, Holland, J., 1992 WL 22068 (January 27, 1992)(ORDER); *Moskowitz v. Moskowitz*, Del.Supr., Nos. 413, 1990 and 440, 1990, Moore, J., 588 A.2d 1142 (March 4, 1991)(ORDER); *Glenn v. Schleff*, Del.Supr., No. 266, 1991, Horsey, J., 1991 WL 279839 (November 25, 1991)(ORDER).

seeking to immediately appeal a ruling on the merits of an application for ancillary relief can seek interlocutory review, pursuant to Delaware Supreme Court Rule 42.[14] Second, and alternatively, the party seeking immediate review of an ancillary ruling can request the trial judge to certify the otherwise interlocutory ancillary decision on the merits as a final judgment, pursuant to Family Court Rule 54(c).[15]

### Conclusion

 In this case, the Family Court's final act, for the purpose of appealing the merits of the Wife's application for the ancillary relief of alimony, was the issuance of its February 8, 2001 decision on attorney's fees.[16] The Wife's contention that the Husband was required to file separate appeals from each of the Family Court's ancillary decisions on alimony and attorney's fees is inconsistent with this Court's policy of avoiding piecemeal litigation.[17] We hold that the Husband's notice of appeal was timely filed after the entry of the final judgment of the Family Court on the issue of attorney's fees related to the award of alimony.

The Husband has properly invoked the jurisdiction of this Court to review any or all interlocutory rulings made by the Family Court that preceded the entry of its final judgment on the issue of attorney's fees, e.g. interim alimony and alimony.[18] Any of these interlocutory rulings will be

properly raised if they are fairly presented in the appellant's opening brief.[19] The Wife's motion to dismiss is denied.

R., Petitioner,

v.

T., Respondent.

**14.** *Rhone–Poulenc Basic Chems. Co. v. American Motorists Ins. Co.,* Del.Supr., 616 A.2d 1192, 1192 n. 1 (1992).

**15.** *Giordano v. Marta,* Del.Supr., 723 A.2d 833 (1998).

**16.** *Glenn v. Schlerf,* Del.Supr., No. 266, 1991, Horsey, J., 1991 WL 279839 (Dec. 17, 1991) (ORDER).

**17.** *Showell Poultry, Inc. v. Delmarva Poultry Corp.,* 146 A.2d 794, 794 (1958) (citing *Lewis*

*v. E.I. duPont Nemours, Inc. & Co.,* 5th Cir., 183 F.2d 29 (1950)).

**18.** *Robinson v. Meding,* Del.Supr., 163 A.2d 272, 275 (1960) ("Generally, under modern statutes and modern rules, an appeal from a final judgment brings up for review all interlocutory or intermediate orders involving the merits and necessarily affecting the final judgment which were made prior to its entry.").

**19.** *See Murphy v. State,* Del. Supr, 632 A.2d 1150 (1993).