SOUTHERN STATES, Employer Below-Appellant,
v.
WALLACE CROPPER, Employee Below-Appellee.
No. 52, 2009.
Supreme Court of Delaware.
Submitted: February 23, 2009
Decided: March 4, 2009
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices

ORDER
MYRON T. STEELE, Chief Justice.
This 4th day of March 2009, it appears to the Court that:
(1) On February 4, 2009, the employer-appellant, Southern States, filed an appeal from the Superior Court's January 9, 2009 order affirming the Industrial Accident Board's decision in favor of the employee-appellee, Wallace Cropper. Cropper has filed a motion to dismiss the appeal on the ground that it is interlocutory. We agree and, therefore, conclude that the appeal must be DISMISSED.
(2) The Superior Court docket reflects that, on January 16, 2009, after the Superior Court issued its January 9, 2009 order, Cropper filed an application for attorney's fees in the Superior Court. The docket further reflects that the Superior Court has not yet issued an order on that application.
(3) The test for whether an order is final and, therefore, ripe for consideration by this Court is whether the trial court has clearly declared its intention that the order being appealed is the court's "final act" in the case.[1] This Court has held that a judgment is not final for purposes of appeal until a motion for attorney's fees has been decided.[2]
(4) Because the Superior Court has not yet ruled on Cropper's application for attorney's fees, its January 9, 2009 order is an interlocutory order governed by Supreme Court Rule 42. Absent compliance with that Rule, this Court must decline to exercise its appellate jurisdiction.[3]
NOW, THEREFORE, IT IS ORDERED that the within appeal is DISMISSED. The docketing fee filed in this appeal shall be applied to any new appeal filed by Southern States once a final order has been issued by the Superior Court.
NOTES
[1] Lipson v. Lipson, 799 A.2d 345, 347-48 (Del. 2001).
[2] Id.
[3] Stroud v. Milliken Enterprises, Inc., 552 A.2d 476, 481-82 (Del. 1989).