DIMENSIONAL STONE PRODUCTS, LLC, Appellee Below-Appellant,
v.
JOSEPH J. POUSER, Appellant Below-Appellee.
No. 50, 2009.
Supreme Court of Delaware.
Submitted: May 1, 2009.
Decided: June 15, 2009.
Before HOLLAND, BERGER, and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice
This 15th day of June 2009, upon consideration of the notice to show cause and the appellant's response thereto, it appears to the Court that:
(1) The appellant, Dimensional Stone Products, LLC (DSP), filed this appeal from a decision of the Superior Court, dated January 12, 2009, which reversed a decision of the Court of Common Pleas refusing to award attorneys fees to Joseph Pouser under the Delaware Wage Payment and Collection Act. The Superior Court's decision remanded the matter to the Court of Common Pleas to determine a reasonable attorneys fee award.
(2) After the appeal was filed, the Clerk of this Court issue a rule to show cause why the appeal should not be dismissed for DSP's failure to comply with Supreme Court Rule 42 when appealing an interlocutory order of the Superior Court. DSP filed a response to the rule to the cause contending that the Superior Court's decision is a final, appealable order because the remand to the Court of Common Pleas was for the purely ministerial purpose of determining an attorneys fee award.
(3) We disagree. This Court consistently has held that a judgment on the merits is not final until an outstanding related application for an award of attorneys fees has been decided.[1] In this case, the Superior Court determined that the Court of Common Pleas erred by failing to award reasonable attorneys fees under the DWPCA. The case was remanded to the Court of Common Pleas to permit that court to determine the appropriate amount of the award. The further action required by the Court of Common Pleas in this matter is not a purely ministerial act but an exercise of discretion by the court in fashioning an appropriate implementing order. The ruling from which the appeal is taken is interlocutory in nature because it did not finally determine and terminate the cause below.[2] Furthermore, DSP has failed to comply with the requirements of Rule 42 in seeking to appeal from an interlocutory order.
NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED.
NOTES
[1] Lipson v. Lipson, 799 A.2d 345, 348 (Del. 2001).
[2] See Julian v. State, 440 A.2d 990 (Del. 1982).