# IN THE SUPREME COURT OF THE STATE OF DELAWARE

SENTINEL TECHNOLOGIES, INC., a §
Delaware corporation, TIDEL, INC., a § No. 640, 2015
Delaware corporation, and TIDEL §
ENGINEERING, LP, a Texas limited §
partnership, §
§
    Defendants/ §
    Counterclaim Plaintiffs Below- §
    Appellants, §
§
    v. § Court Below—Court of Chancery
§ of the State of Delaware,
REVOLUTION RETAIL SYSTEMS, LLC, § C.A. No. 10605
a Delaware limited liability company, as §
successor to New Tidel Revolution, LLC, §
§
    Plaintiff/ §
    Counterclaim Defendant Below- §
    Appellee. §

Submitted: December 16, 2015
Decided:  December 22, 2015

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

This 22nd day of December 2015, upon consideration of the notice to show cause and the response and reply thereto, as well as the appellants' motion to expedite and the response and reply thereto, it appears to the Court that:

(1)    On November 25, 2015, the defendants below, Sentinel Technologies, Inc., Tidel, Inc., and Tidel Engineering LP (collectively, "the Defendants"), filed this

appeal from the Court of Chancery's post-trial judgment dated October 30, 2015 ("the Post-Trial Judgment"). Among other things, the Post-Trial Judgment entered judgment on the parties' claims and counterclaims and directed the parties to submit their respective requests for attorneys fees within fifteen days of the Post-Trial Judgment.

(2)    On November 30, 2015, the Clerk of this Court issued a notice to the Defendants to show cause why this appeal should not be dismissed for their failure to comply with Supreme Court Rule 42 when appealing an apparent interlocutory order.

(3)    The Defendants filed their response to the notice to show cause on December 10, 2015. They assert that the Post-Trial Judgment directed the entry of a final judgment on all of the parties' claims and counterclaims, other than attorneys fees, and the Post-Trial Judgment is "of a type traditionally entered under Court of Chancery Rule 54(b)." The Defendants acknowledge, however, that the Post-Trial Judgment was not expressly entered under Rule 54(b) and that their motion requesting the entry of judgment under Rule 54(b) is still pending in the Court of Chancery. The appellee filed a reply supporting dismissal of this appeal as interlocutory.

(4)    Upon consideration of the parties' respective positions, we conclude that this appeal is interlocutory. This Court consistently has held that that a judgment on the merits is not final until an outstanding related application for an award of attorneys fees has been decided.[1] The ruling from which the appeal is taken is interlocutory in

---

[1] *Lipson v. Lipson*, 799 A.2d 345, 348 (Del. 2001).

2

nature because it did not finally determine and terminate the cause before the Court of Chancery.[2]  Furthermore, the Defendants failed to comply with the requirements of Supreme Court Rule 42 in seeking to appeal from an interlocutory order.  This Court will not presume the entry of a partial final judgment under Rule 54(b), which requires the "express direction for the entry of judgment."[3]

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED. The Defendants' filing fee paid in conjunction with this appeal shall be transferred to any later appeal from a final judgment entered by the Court of Chancery in this matter. The motion to expedite is MOOT.

BY THE COURT:

Justice

---

[2] See J.I. Kislak Mortg. Corp. of Del. v. William Matthews, Builder, Inc., 303 A.2d 648, 650 (Del. 1973).

[3] Del. Ct. Ch. R. 54(b) (2015).