IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROOS FOODS, | § | |
| | § | |
| Appellant Below, | § | |
| Appellant, | § | No. 87, 2016 |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | C.A. No. S15A-05-002 |
| MAGDALENA GUARDADO | § | |
| | § | |
| Appellee Below, | § | |
| Appellee. | § | |

Submitted: March 22, 2016
Decided: March 28, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **ORDER**

This 28th day of March 2016, upon consideration of the notice to show cause, the appellant's response, and the appellee's reply, it appears to the Court that:

(1)    On February 24, 2016, the appellant below-appellant, Roos Foods, filed a notice of appeal from a January 26, 2016 Superior Court letter opinion ("Opinion") affirming the Industrial Accident Board's ("IAB") denial of Roos Foods' petition for termination of benefits for the appellee below-appellee Magdalena Guardado. At the time of the appeal, there was a fee application pending in the Superior Court. Guardado had filed the fee application pursuant to 19 *Del. C.* § 2350(f), which provides that the Superior Court may award reasonable

attorneys' fees to a claimant's attorney for services on appeal from the IAB to the Superior Court and from the Superior Court to the Supreme Court when the claimant's position before the IAB is affirmed on appeal.

(2) On March 2, 2016, Roos Foods was directed to show cause why this appeal should not be dismissed for its failure to comply with Supreme Court Rule 42 in filing an appeal from an interlocutory order. In its response to the notice to show cause, Roos Foods stated that it had filed the appeal before resolution of the fee application because it was concerned this Court would view the fee application "as clerical and/or distinct from the issue on appeal and not something that would delay the finality of the Superior Court's [January 26, 2016] decision."[1] Roos Foods also noted that the parties had resolved the fee application by stipulation after the notice of appeal was filed. The Superior Court granted the parties' stipulation and proposed order as to attorneys' fees on March 4, 2016.

(3) Guardado was asked to respond to Roos Foods' submission. In her response, Guardado argued that Roos Foods' notice of appeal was premature because there was a fee application pending in the Superior Court at the time of the appeal. Guardado further contended that the time to file a notice of appeal ran from the March 4, 2016 order of the Superior Court granting of the stipulation and

---

[1] Response to Notice to Show Cause ¶ 8.

order on the fee application because that order constituted the final act of the Superior Court. We agree.

(4) Absent compliance with Supreme Court Rule 42 ("Rule 42"), this Court is limited to the review of a trial court's final judgment.[2] An order is deemed final and appealable if the trial court has declared its intention that the order be the court's final act in disposing of all justiciable matters within its jurisdiction.[3] We have held that an order is not final and appealable until the trial court has ruled on an outstanding application for attorney's fees.[4]

(5) After careful consideration of the parties' positions, we conclude that this appeal must be dismissed as interlocutory. A fee application was outstanding at the time Roos Foods filed the notice of appeal. Roos Foods was therefore required to comply with the provisions of Rule 42. Roos Foods has not complied with the provisions of Rule 42. Accordingly, this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).
[3] *J.I. Kislak Mortg. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).
[4] *See, e.g.*, *In re Rural Metro Corp. S'holders Litig.*, 2014 WL 7010818, at *1 (Del. Dec. 2, 2014); *Dimensional Stone Prods., LLC v. Pouser*, 2009 WL 1660530, at *1 (Del. June 15, 2009); *Delaware Bar Surgical Servs., P.A. v. Swier*, 2005 WL 541016, at *1 (Del. Feb. 5, 2005).