IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEBRA BUELLER,[1] | § | |
| | § | No. 113, 2017 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court of |
| | § | the State of Delaware |
| v. | § | |
| | § | File No. CS16-02526 |
| PABLO AUGUSTUS-DEBALT, | § | Petition No. 16-33588 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

| | | |
|---|---|---|
| DEBRA BUELLER,[2] | § | |
| | § | No. 192, 2017 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court of |
| | § | the State of Delaware |
| v. | § | |
| | § | File No. CS16-02526 |
| | § | Petition No. 16-33588 |
| PAUL AUGUSTUS-DEBALT, | § | |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: June 7, 2017
Decided: June 14, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

---

[1] The Court has assigned pseudonyms to the parties. Del. Supr. Ct. R. 7(d).
[2] *Id.*

**O R D E R**

This 14th day of June 2017, having considered the notices to show cause in the above-captioned appeals and the appellant's response, it appears to the Court that:

(1)    The above appeals—No. 113, 2017 and No. 192, 2017—are from a Family Court Judge's orders on a petition for protection from abuse ("PFA") and on a related motion for fees and costs. Appeal No. 113, 2017 is from the Judge's February 23, 2017 order affirming a Commissioner's order granting the PFA petition. Appeal No. 192, 2017 is from the Judge's April 6, 2017 order affirming in part and rejecting in part the Commissioner's order on the motion for fees and costs and remanding the matter for further proceedings before the Commissioner. In the interest of judicial economy, the appeals have been consolidated, *sua sponte*, for decision.

(2)    The Clerk issued notices to show cause in both appeals. In appeal No. 192, 2017, the appellant was directed to show cause why the appeal should not be dismissed for her failure to comply with Supreme Court Rule 42 when filing an appeal from an interlocutory order. In appeal No. 113, 2017, the appellant was directed to show cause why the appeal should not be dismissed for her failure to pay required record preparation and transcript fees associated with the appeal.

(3)    In appeal No. 192, 2017, the appellant filed a response to the notice to show cause, contending that the April 6 order is a final order and not an interlocutory

2

order. The appellant has not responded to the notice to show cause in appeal No. 113, 2017.

(4) Absent compliance with Supreme Court Rule 42, this Court is limited to the review of a final judgment.[3] An order is deemed final and appealable when it disposes of all justiciable matters.[4]

(5) In this case, the Court has concluded that these appeals are from non-final interlocutory orders and must be dismissed for the appellant's failure to comply with Rule 42. In appeal No. 113, 2017, the February 23 order was not the final judgment because it did not rule on the pending motion for fees and costs.[5] In appeal No. 192, 2017, the April 6 order was not the final judgment because the order remanded the matter to the Commissioner for further proceedings.[6]

(6) Although the appeals must be dismissed as premature, the appellant's right of appeal from the February 23 and April 6 orders will remain intact pending the issuance of a final order[7] by a Family Court Judge[8] following the

---

[3] *J.I. Kislak Mortg. Corp. v. William Matthews Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).
[4] *Id.*
[5] *Street v. Butler*, 2017 WL 991079 (Del. Mar. 13, 2017) (citing *Lipson v. Lipson*, 799 A.2d 345, 348–49 (Del. 2001)).
[6] *Id.* (citing *Pollard v. The Placers, Inc.*, 692 A.2d 879, 881 (Del. 1997)).
[7] *Accord Boggs v. Treptor*, 2000 WL 1508652 (Del. Sept. 14, 2000) ("Appellant's right of appeal remains intact until the Family Court has disposed of all matters.").
[8] This Court's appellate jurisdiction over Family Court civil proceedings is limited to decisions issued by the Judges of the Family Court. *See Bailey v. Jackson*, 2016 WL 3382340 (Del. June 10, 2016) (citing 10 *Del. C.* § 1051(a); *Redden v. McGill*, 549 A.2d 695, 697–98 (Del. 1988)).

Commissioner's decision on remand.[9]  When the final order has issued, the appellant may file a new appeal encompassing that order as well as the February 23 and April 6 interlocutory orders.

NOW, THEREFORE, IT IS ORDERED that appeal No. 113, 2017 and appeal No. 192, 2017 are DISMISSED without prejudice to the appellant's right to file a new appeal once a final order is entered in the Family Court.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[9] An order issued by a Commissioner is not a final judgment for purposes of appeal to this Court. *Postles v. Div. of Child Support Enforcement*, 2001 WL 1293065 (Del. Oct. 17, 2001) (citing *Redden v. McGill*, 549 A.2d 695 (Del. 1988)).   A party's right to appeal from a Commissioner's order is to a Judge of the Family Court.  *See* 10 *Del. C.* § 915(d) (Supp. 2017) (governing review of Commissioners' orders); Fam. Ct. Civ. R. 53.1 (governing appeals from Commissioners' orders).