IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| POPE INVESTMENTS LLC, POPE INVESTMENTS II LLC, and CHINA ALARM HOLDINGS ACQUISITION LLC, | § § § § § | No. 193, 2017 |
| Defendants Below-Appellants, | § § § | |
| v. | § § § | Court Below—Court of Chancery of the State of Delaware C.A. No. 12829 |
| THE MARILYN ABRAMS LIVING TRUST, | § § § | |
| Plaintiff Below-Appellee. | § § | |

Submitted: May 30, 2017
Decided: June 26, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

This 26th day of June 2017, upon consideration of the notice to show cause and the response and reply thereto, it appears to the Court that:

(1)    On May 8, 2017, the defendants below, Pope Investments LLC, Pope Investments II LLC, and China Alarm Holdings Acquisition LLC (collectively, "the Defendants"), filed this appeal from the Court of Chancery's April 6, 2017 order denying the Defendants' motion for clarification or reargument of the trial court's post-trial decision dated March 21, 2017.  Among other things, the trial court's April 6,

2017 order directed the Plaintiff's counsel to submit an affidavit supporting their request for attorneys fees.

(2)     On May 11, 2017, the Clerk of this Court issued a notice to the Defendants to show cause why this appeal should not be dismissed for their failure to comply with Supreme Court Rule 42 when appealing an apparent interlocutory order.

(3)     The Defendants filed their response to the notice to show cause on May 19, 2017.  They assert that they filed the appeal out of an abundance of caution to preserve their appeal rights, but agree that the appeal should be dismissed if the Court determines that it is interlocutory.  The Plaintiff filed a reply on May 30, 2017 asserting that the appeal is interlocutory and that it should be dismissed with prejudice.

(4)     Upon consideration of the parties' respective positions, we conclude that this appeal is interlocutory.  This Court consistently has held that a judgment on the merits is not final until an outstanding related application for an award of attorneys fees has been decided.[1]   The ruling from which the appeal is taken is interlocutory in nature because it did not finally determine and terminate the cause before the Court of Chancery.[2]  Furthermore, the Defendants failed to comply with the requirements of Supreme Court Rule 42 in seeking to appeal from an interlocutory order.  The Court notes that the Court of Chancery entered its final order awarding fees on May 26, 2017

---

[1] *Lipson v. Lipson*, 799 A.2d 345, 348 (Del. 2001).
[2] *See J.I. Kislak Mortg. Corp. of Del. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).

2

and that the Defendants have filed an appeal from that final order in Supreme Court Appeal Number 259, 2017.

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED. The Defendants' filing fee paid in conjunction with this appeal shall be transferred to the appeal in No. 259, 2017.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice