IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RALPH DORSEY,[1] | § | |
| | § | No. 38, 2024 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | File No. CN22-02379 |
| | § | Petition No. 22-11199 |
| DAPHNE DORSEY, | § | |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

| | | |
|---|---|---|
| RALPH DORSEY, | § | |
| | § | No. 40, 2024 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | File No. CN22-02379 |
| | § | Petition No. 22-11199 |
| DAPHNE DORSEY, | § | |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

---

[1] The Court previously assigned pseudonyms to the parties in these appeals under Supreme Court Rule 7(d).

| RALPH DORSEY, | § | |
|---|---|---|
| | § | No. 70, 2024 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | File No. CN22-02379 |
| | § | Petition No. 22-11199 |
| DAPHNE DORSEY, | § | |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

| RALPH DORSEY, | § | |
|---|---|---|
| | § | No. 71, 2024 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | File No. CN22-02379 |
| | § | Petition No. 22-11199 |
| DAPHNE DORSEY, | § | |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## ORDER

(1)    This order addresses four appeals filed by the appellant ("Ex-Husband") against the appellee ("Ex-Wife"). We first summarize the relevant background and then address the disposition of each appeal in turn. In sum, Appeal Nos. 38 and 40, 2024, are dismissed and interlocutory Appeal Nos. 70 and 71, 2024, are refused.

2

*Background*

(2) Ex-Husband filed a petition for divorce in April 2022. He did not request ancillary relief. Ex-Wife did not respond, and on August 30, 2022, the Family Court entered a divorce decree (the "Original Decree"). On March 20, 2023, Ex-Wife filed a motion seeking to reopen ancillary matters under Family Court Rule of Civil Procedure 60(b).[2] Among other grounds for relief, Ex-Wife asserted that she had not been served with the divorce petition and that she was unaware of the divorce proceeding until September 2022, after the Family Court had entered the Original Decree. Ex-Husband opposed reopening, arguing that Ex-Wife had not established that she was entitled to relief under Rule 60(b) because, among other things, she had received notices of the proceedings at a New Jersey address that she provided and her participation in various court matters in Delaware and New Jersey demonstrated that she was aware of the divorce proceeding.

(3) At the conclusion of an evidentiary hearing on the Rule 60(b) motion on September 20, 2023, the Family Court orally granted the motion. On September 22, 2023, the Family Court entered a written order (the "Ancillary Reopening Order")[3] that granted the motion for the reasons stated on the record. The Ancillary

---

[2] It appears that Ex-Husband has been represented by counsel since the outset of the Family Court proceedings, and Ex-Wife has been represented by counsel in the Family Court proceedings since March 18, 2023. To be clear, the numerous filings described in this order were filed by counsel on the parties' behalf.

[3] The Ancillary Reopening Order is one of the orders from which Ex-Husband filed the notices of appeal at issue.

Reopening Order directed Ex-Wife to file her request for reservation of jurisdiction over ancillary matters, including name change, within twenty days, after which the court would enter a scheduling order regarding ancillary relief. Ex-Wife then filed a "Notice for Ancillary Jurisdiction," requesting that the court retain jurisdiction over property division, alimony, attorneys' fees, and court costs and that the court permit Ex-Wife to change her name. Ex-Husband objected, asserting that a valid and enforceable "reconciliation agreement" (the "Separation Agreement")[4] governed property-division issues and limited the scope of ancillary matters that could be subject to court resolution solely to the issue of alimony.

(4) On October 5, 2023, the Family Court entered an order retaining jurisdiction over property division, alimony, attorneys' fees, and court costs; providing that the court would issue a new divorce decree incorporating by reference the Separation Agreement and changing Ex-Wife's name; and stating that the incorporation of the Separation Agreement into the divorce decree "shall not be construed as an admission by [Ex-Husband] as to its enforceability, which [Ex-Husband] retains the right to contest on proper application." That same day, the Family Court entered an "Amended Final Decree" of divorce (the "Amended

---

[4] The parties dispute whether the agreement is a "separation agreement" or a "reconciliation agreement" and the legal effect of such distinction. By referring to it as the "Separation Agreement," we do not intend any substantive determination of those issues; we have selected that terminology merely to correspond to the title of Ex-Wife's motion seeking to set aside the agreement, which is discussed below.

Decree") that incorporated the Separation Agreement, changed Ex-Wife's name, and stated that the effective date of the decree was October 5, 2023.

(5) Ex-Husband filed two motions for reargument or relief from judgment in October 2023. In the first motion ("First Motion"), which appears to have been filed after the Family Court issued the Ancillary Reopening Order but before the court issued the Amended Decree (or before Ex-Husband was aware of the Amended Decree), Ex-Husband argued that the court should not have reopened ancillary matters or, at most, should have reopened solely as to alimony. In the second motion ("Second Motion"), which appears to have been filed after Ex-Husband received the Amended Decree, Ex-Husband argued that the court inadvertently or mistakenly changed the effective date of the divorce and that the Amended Decree should be dated effective August 30, 2022, the date of the Original Decree.[5] Ex-Wife filed an opposition to the First Motion; she does not appear to have responded to the Second Motion. Around the same time, Ex-Wife also filed a motion to set aside the Separation Agreement, which Ex-Husband opposed.

(6) On January 24, 2024, the Family Court entered an order (the "January Order")[6] that addressed several of the outstanding motions. First, the court denied

---

[5] As discussed below, Ex-Husband later informed the court that he had remarried in September 2023. His motion filed in October 2023 did not so inform the court, however.

[6] The January Order is one of the orders from which Ex-Husband filed the notices of appeal at issue.

5

Ex-Husband's motion for reargument or relief from judgment as to the Amended Decree. The court held that the motion was an untimely attempt to relitigate the September 22, 2023 Ancillary Reopening Order and that Ex-Husband had not established entitlement to relief under Rule 60(b). The substance of the court's ruling focused primarily on Ex-Husband's First Motion for reargument and not on his Second Motion, which related to the Amended Decree's effect on the date of divorce. Although the court did note Ex-Husband's argument regarding the date, the court did not change the date of the Amended Decree at that time. Second, the court granted Ex-Wife's motion to set aside the Separation Agreement, concluding that the agreement should be set aside as unconscionable. Finally, the court addressed another motion, filed by Ex-Wife, that does not appear to be at issue in these appeals.

(7) On January 30, 2024, Ex-Husband filed a motion for reargument or relief from judgment as to the January Order (the "Third Motion"). In the Third Motion, Ex-Husband argued that the Second Motion—the motion that sought to address the date of the Amended Decree—was not untimely, because it was filed eight days after the entry of the Amended Decree, when the court first changed the date of divorce. The Third Motion also asserted substantive reasons why the Amended Decree erroneously changed the date of the divorce. Like the Second

6

Motion, the Third Motion did not inform the Family Court that Ex-Husband had remarried in September 2023.

## *The Appeals*

(8) On January 31, 2024, Ex-Husband filed two appeals. The notice of appeal in No. 38, 2024, identifies the Ancillary Reopening Order and the January Order as the subjects of the appeal. It appears that Ex-Husband's counsel intends Appeal No. 38, 2024, to challenge the Family Court's decision to reopen ancillary matters.[7] The notice of appeal in No. 40, 2024, identifies only the January Order as the subject of the appeal. It appears that Ex-Husband's counsel intends Appeal No. 40, 2024, to relate to the portion of the January Order that granted Ex-Wife's motion to set aside the Separation Agreement.[8] The Senior Clerk of this Court issued notices to show cause why each of these two appeals should not be dismissed for "failure to comply with Rule 42 when taking an appeal from an apparent interlocutory order."

(9) On or about February 4, 2024—after this Court issued the notices to show cause in the first two appeals, but before Ex-Husband responded to them—Ex-Husband also filed in the Family Court two applications for certification of

---

[7] *See Dorsey v. Dorsey*, No. 38, 2024, Docket Entry No. 1, Notice of Appeal (Del. filed Jan. 31, 2024) (stating that appellant appeals "from the orders of the Family Court . . . dated September 22, 2023 and January 24, 2024 in case number 22-111999 (Motion to Reopen Pursuant to Rule 60(b))").

[8] *See Dorsey v. Dorsey*, No. 40, 2024, Docket Entry No. 1, Notice of Appeal (Del. filed Jan. 31, 2024) (stating that appellant appeals "from the order of the Family Court . . . dated January 24, 2024 in case number 22-11199 (Motion to Set-Aside the Parties Separation Agreement)").

interlocutory appeal. Ex-Wife opposed certification. In a letter dated February 7, 2024, Ex-Husband's counsel informed the Family Court—for the first time—that Ex-Husband had remarried in September 2023 and again asked the Family Court to address the issue of the date of the Amended Decree.[9]

(10) The Family Court denied the applications for certification of interlocutory appeal on February 15, 2024. The court also entered an order, *nunc pro tunc*, rescinding the Amended Decree and correcting the Original Decree to allow Ex-Wife's name change and to incorporate the Separation Agreement into the divorce decree. To implement that order, the court issued an "Amended Final Decree" bearing the date of August 30, 2022, providing for the name change, and reflecting the incorporation of the Separation Agreement (the "Current Decree").

(11) On February 20, 2024, Ex-Husband filed two notices of interlocutory appeal in this Court. Like the notice of appeal in No. 38, 2024, the notice of interlocutory appeal in No. 70, 2024, identifies the Ancillary Reopening Order and the January Order as the subjects of the appeal and appears intended to challenge the reopening of the ancillary matters. And like the notice of appeal in No. 40, 2024, the notice of interlocutory appeal in No. 71, 2024, identifies the January Order as

---

[9] The letter stated that Ex-Husband advised counsel "today [February 7, 2024] that he remarried on September 13, 2023 over a year after the original decree was entered and approximately 3 weeks before the decree was amended to October 5, 202[3]."

8

the subject of the appeal and appears intended to relate to the portion of the January Order that granted Ex-Wife's motion to set aside the Separation Agreement.

### *Appeal Nos. 38 and 70, 2024—Reopening of Ancillary Matters*

(12)  In response to the notice to show cause in No. 38, 2024, Ex-Husband asserts that the appeal "concerns the Family Court's decision to grant [Ex-Wife's] motion [to] have ancillary matters reopened pursuant to Rule 60(b)."  He contends that the Family Court could not reopen ancillary matters under Rule 60(b) because that rule applies only to reopen a judgment or order.  He reasons that, because there was no judgment or order regarding ancillary matters, there was nothing to reopen under Rule 60(b).  Moreover, he contends that the effect of the Family Court's decisions was to allow Ex-Wife to pursue ancillary relief after the entry of a final divorce decree, in violation of 13 *Del. C.* § 1518(c).[10]  Ex-Husband also asserts various arguments as to the Amended Decree's change in the effective date of the divorce.[11]  In response, Ex-Wife argues that an order reopening ancillary matters is not a final, appealable order because such an order does not clearly declare the trial court's intention that it be the court's final act in the case.

---

[10] *See* 13 *Del. C.* § 1518(c) ("In the decree granting or denying a petition for divorce or annulment, or by separate order or orders preceding or following such decree, the Court shall dispose of all other prayers for relief, where appropriate under the facts and law; but an application for such relief and a hearing thereon must be presented in the petition or response, or by motion after notice to the other party prior to the entry or denial of such decree.").

[11] As stated above, the Family Court has rescinded the Amended Decree and issued the Current Decree, with an effective date of August 30, 2022, the date of the Original Decree.

(13)   "An aggrieved party can appeal to this Court, as a matter of right, only after a final judgment is entered by the trial court."[12]  "[A]n order is deemed final and appealable if the decision is the trial court's last act in disposing of all justiciable matters within its jurisdiction."[13]  In appeals from Family Court, "the final order granting a divorce decree and a final order regarding ancillary relief are severable."[14] Title 13, Section 1518(a) provides:

> A decree granting or denying a petition for divorce or annulment is final when entered, subject to the right of appeal.  An appeal that does not challenge the decree of divorce or annulment, but challenges only rulings with respect to relief awarded under other sections of this chapter, or other matters incidental or collateral to such decree, shall not delay the finality of the decree of divorce or annulment, and the parties may remarry while the appeal is pending.[15]

"When the Family Court retains jurisdiction to consider requests for ancillary relief, following the entry of a divorce decree, each *final* ruling on a request for a specific type of ancillary relief is directly and separately appealable to this Court."[16]  But "[a]ll rulings that are made within the context of a particular ancillary proceeding are not necessarily final."[17]  For example, "an award of interim alimony is clearly not a final ruling on an ancillary application for alimony."[18]  "An appeal from an

---

[12] *Lipson v. Lipson*, 799 A.2d 345, 347 (Del. 2001).
[13] *Id.* at 348.
[14] *Id.* at 347.
[15] 13 *Del. C.* § 1518(a).
[16] *Lipson*, 799 A.2d at 347.
[17] *Id.*
[18] *Id.*

interlocutory ruling, which is made within the course of deciding a particular request for ancillary relief, is subject to the requirements of Supreme Court Rule 42."[19]

(14)　After careful consideration, we have determined that Appeal No. 38, 2024, is interlocutory and must be dismissed for failure to comply with Rule 42. The appeal challenges the Family Court's decision to reopen ancillary matters. That decision was not final and appealable, because it left the substance of ancillary matters to be litigated and decided. Thus, the proper vehicles for Ex-Husband to seek this Court's review of his arguments that the Family Court erroneously reopened ancillary matters are either (i) an appeal from a final decision on the ancillary matters;[20] or (ii) a procedurally proper interlocutory appeal. Because Appeal No. 38, 2024, is neither of those, it is dismissed.

(15)　In Appeal No. 70, 2024, Ex-Husband has petitioned this Court under Supreme Court Rule 42 to accept an interlocutory appeal from the Family Court's decision granting Ex-Wife's motion to reopen ancillary matters. In his application for certification of an interlocutory appeal, Ex-Husband argued that the Family Court should certify the appeal because (i) the Family Court's decision involves a question

___

[19] *Id.*

[20] *See, e.g.*, *Ravine v. Ravine*, 2006 WL 453213 (Del. Feb. 22, 2006) (addressing wife's arguments that Family Court erroneously granted husband's motion to reopen the divorce to enable husband to request alimony, in appeal taken following Family Court's final judgment awarding husband alimony); *Flood v. Flood*, 1993 WL 22038 (Del. Jan. 22, 1993) (holding that Family Court abused its discretion by granting wife's motion to reopen the divorce so that the court could divide marital property, in appeal taken by husband following Family Court's final judgment ordering that the property at issue be sold at auction).

of first impression;[21] (ii) the decision sustained the controverted jurisdiction of the Family Court;[22] (iii) the decision opened a judgment of the trial court;[23] and (iv) Ex-Husband's success on appeal would terminate the litigation.[24] The Family Court denied certification, concluding that it had not decided a substantial issue of material importance that merits appellate review before a final judgment.[25]

(16) We conclude that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court.[26] Importantly, we reiterate that the Family Court has rescinded the Amended Decree and reinstated the date of divorce from the Original Decree. Thus, continued proceedings on ancillary matters do not appear to leave a cloud over the validity of Ex-Husband's second marriage. With that issue having been addressed by the Family Court, it seems that the parties' dispute—which raises intertwining legal, procedural, and factual issues as to the standards that apply to a post-divorce request for ancillary relief when there may or may not be an enforceable contract between the parties[27]—can best and most efficiently be resolved after the Family Court enters

---

[21] DEL. SUPR. CT. R. 42(b)(iii)(A).

[22] *Id.* R. 42(b)(iii)(D).

[23] *Id.* R. 42(b)(iii)(F).

[24] *Id.* R. 42(b)(iii)(G).

[25] *Id.* R. 42(b)(i).

[26] *Id.* R. 42(d)(v).

[27] *See generally Rockwell v. Rockwell*, 681 A.2d 1017 (Del. 1996) (holding that modification of the alimony provisions of a separation agreement that was incorporated into a final divorce decree is subject to statutory standard for modification if the alimony was judicially determined but is controlled by contract principles if the alimony was determined by an agreement of the parties that

a final judgment on the ancillary matters. Thus, exceptional circumstances that would merit interlocutory review of the Family Court's decisions do not exist in this case,[28] and the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b).

### *Appeal Nos. 40 and 71, 2024—Setting Aside of Separation Agreement*

(17)   In response to the notice to show cause in No. 40, 2024, Ex-Husband asserts that the Family Court's decision to set aside the Separation Agreement equates to an entry of a declaratory judgment in Ex-Wife's favor and is therefore final and appealable. Ex-Wife concedes that a declaratory judgment "can be" a final, appealable order if it disposes of all the issues in a case and leaves nothing for future determination or consideration. But she asserts that the Family Court's decision granting Ex-Wife's motion to set aside the Separation Agreement is not such a final judgment, but rather is a "factual determination made on the enforceability of the agreement" and "was not intended to be case dispositive or the court's final act."

---

was made an order of the court); *Sanders v. Sanders*, 570 A.2d 1189 (Del. 1990) (holding, before statutory amendment to subject-matter jurisdiction of Family Court, 67 Del. Laws ch. 446 (approved Oct. 5, 1990), that Family Court lacked subject matter jurisdiction over an independent action for contractual rescission and ancillary relief when the agreement was not merged into the divorce decree and the action was not part of divorce proceedings and followed the parties' divorce, but stating that wife was not without a remedy because she could seek to reopen the divorce to seek ancillary relief).

[28] DEL. SUPR. CT. R. 42(b)(ii). *Cf. Goode v. Goode*, 2024 WL 807334 (Del. Feb. 27, 2024) (refusing interlocutory appeal from order denying ex-husband's motion to dismiss petition for specific performance of separation agreement filed by ex-wife).

Ex-Wife further argues that the Family Court's "final act will be the determination of ancillary matters."

(18)   After careful consideration of the parties' positions, the portions of the January Order relating to the motion to set aside the Separation Agreement, and the complex procedural posture of this case, we conclude that the Family Court's decision to set aside the Separation Agreement is not a final, appealable order and that Appeal No. 40, 2024, is therefore interlocutory and must be dismissed for failure to comply with Rule 42.  Ex-Husband can assert his challenges to the Family Court's determination that the Separation Agreement should be set aside in an appeal from a final decision on the ancillary matters.

(19)   In Appeal No. 71, 2024, Ex-Husband has petitioned this Court under Supreme Court Rule 42 to accept an interlocutory appeal from the Family Court's decision to set aside the Separation Agreement.  In his application for certification of an interlocutory appeal, Ex-Husband argued that the Family Court should certify the appeal because the Family Court's decision involves a question of first impression,[29] which he characterized as "the enforceability of a reconciliation agreement executed during the marriage which is neither a premari[t]al agreement nor a[n] agreement resolving ancillary matters following a divorce."   He also

---

[29] DEL. SUPR. CT. R. 42(b)(iii)(A).

14

asserted that his success on appeal would terminate the litigation,[30] "except the issue of alimony," and he argued that "probably 90% of the litigation expenses will be eliminated if property division is not an issue."[31]  The Family Court denied certification, concluding that the interlocutory order did not decide a substantial issue of material importance that merits appellate review before a final judgment.[32] We conclude that interlocutory review is not warranted in this case, for the reasons discussed above with respect to the refusal of Appeal No. 70, 2024.

NOW, THEREFORE, IT IS ORDERED this 29th day of February, 2024, that:

(i)     Appeal No. 38, 2024, is DISMISSED;

(ii)     Interlocutory Appeal No. 70, 2024, is REFUSED;

(iii)     Appeal No. 40, 2024, is DISMISSED;

(iv)     Interlocutory Appeal No. 71, 2024, is REFUSED; and

---

[30] *Id.* R. 42(b)(iii)(G).

[31] He further stated that "[a]ll litigation will be terminated if respondent's action to reopen the divorce proceedings is reversed on appeal."  Ex-Husband's arguments buttress our conclusion that the issues presented by Ex-Husband's various appeals are intertwined and should be resolved together by the Family Court in the first instance.

[32] DEL. SUPR. CT. R. 42(b)(i).

(v) Ex-Husband's motion asking this Court to order the Family Court to dismiss Ex-Wife's motion for interim alimony is DENIED AS MOOT.[33]

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[33] The motion asserted that the Family Court lacked jurisdiction to act on the request for interim alimony while Appeal No. 38, 2024, was pending.