IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| LISA M. SWEENEY, individually and as Co-Trustee of the Josephine S. Sweeney Living Trust,<br><br>    Petitioner/Counterclaim Respondent Below,<br>    Appellant,<br><br>v.<br><br>MARK SWEENEY, individually and as Co-Trustee of the Josephine S. Sweeney Living Trust,<br><br>    Respondent/Counterclaim-Petitioner Below,<br>    Appellee. | § <br>§ No. 276, 2024<br>§<br>§ Court Below: Court of Chancery<br>§ of the State of Delaware<br>§<br>§ C.A. No. 2022-0021<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

Submitted: August 15, 2024
Decided: August 19, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

### **ORDER**

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)  In a post-trial memorandum opinion, the Court of Chancery removed the appellant as co-trustee of a trust and ordered that she pay damages to the trust. The Court also determined that the appellee could recover costs and expenses, including reasonable attorneys' fees, from the trust. In an implementing "Final Judgment and Order" adopted on July 9, 2024, the Court of Chancery directed the

appellee to file an affidavit under Court of Chancery Rule 88[1] for the court's approval. The appellee has not yet submitted the required affidavit, and thus the amount of attorneys' fees he is entitled to recover remains unresolved.

(2) The appellant filed this appeal on July 17, 2024. The Senior Court Clerk issued a notice directing the appellant to show cause why the appeal should not be dismissed for failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order. In response to the notice to show cause, the appellant argues that the appeal should proceed because the Court of Chancery removed her as co-trustee of the trust and she will lose her rights as co-trustee "if the court deems this an interlocutory appeal while allowing the remaining sole trustee to conduct business for the trust." The appellee contends that the appeal is interlocutory and should be dismissed because the amount of attorneys' fees that he is entitled to recover has not yet been decided.

(3) Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final orders.[2] "The mere titling of an order as a 'Final Order and Judgment' is not dispositive of its finality for

---

[1] *See* DEL. CT. CH. R. 88 ("In every case in which an application to the Court is made for a fee or for reimbursement for expenses or services the Court shall require the applicant to make an affidavit or submit a letter, as the Court may direct, itemizing (1) the amount which has been received, or will be received, for that purpose from any source, and (2) the expenses incurred and services rendered, before making such an allowance. . . .").

[2] *Campus Eye Mgmt., LLC v. DiDonato*, 2024 WL 1597799, at *1 (Del. Apr. 12, 2024).

2

purposes of appeal."[3] Rather, an order is deemed final and appealable if the trial court has declared its intention that the order be the court's final act in disposing of all justiciable matters within its jurisdiction.[4] This Court has consistently held that a judgment on the merits is not final until an outstanding application for attorneys' fees has been decided.[5] The Court of Chancery directed further action in the case—the submission of a fee affidavit under Court of Chancery Rule 88, for approval by the court—and the amount of attorneys' fees for which the appellant is responsible remains unresolved. The appeal is therefore interlocutory and must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[3] *Gaffin v. Teledyne, Inc.*, 1991 WL 181488, at *1 (Del. Aug. 23, 1991).

[4] *Lipson v. Lipson*, 799 A.2d 345, 348 (Del. 2001); *J.I. Kislak Mortgage Corp. v. William Matthew, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).

[5] *Lipson*, 799 A.2d at 348; *Pope Investments LLC v. Marilyn Abrams Living Trust*, 2017 WL 2774361, at *1 (Del. June 26, 2017); *see also Gaffin*, 1991 WL 181488, at *1 (dismissing appeal as interlocutory where the Court of Chancery, in a "Final Order and Judgment," "reserved jurisdiction with respect to attorneys' fees, litigation expenses, and administration of the distribution of funds to class members").