IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEREK DeROSSI, | § | |
| | § | No. 278, 2024 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below: Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN22-05066 |
| KAREN DeROSSI, | § | Petition No. 22-22163 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: August 12, 2024
Decided: August 27, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice to show cause and the response, it appears to the Court that:

(1) The appellant ("Ex-Husband") filed this appeal from a Family Court order resolving matters ancillary to the parties' divorce (the "Ancillary Order"). The Ancillary Order provided that if either party were seeking an award of attorneys' fees, the party should file a motion seeking such relief within twenty days of the mailing of the Ancillary Order or the Ancillary Order would be the court's final order in the matter. The Family Court docket reflects that the Ancillary Order was mailed June 20, 2024.

(2)     The appellee ("Ex-Wife") filed a motion and affidavit seeking attorneys' fees.  The motion is dated, and the affidavit is notarized, July 10, 2024, the twentieth day after the mailing of the Ancillary Order.[1]  The accompanying certificate of service states that Ex-Wife's counsel served the motion on Ex-Husband on July 10, 2024.  The Family Court docket reflects that the motion was filed July 11, 2024; the court does not appear to have applied a filing-date stamp to the document itself.  Ex-Husband filed an opposition to the motion for attorneys' fees on August 5, 2024.  The Family Court has not ruled on the motion.

(3)     Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final orders.[2]  An order is deemed final and appealable if the decision is the trial court's final act in disposing of all justiciable matters within its jurisdiction.[3]  A judgment on the merits in an ancillary proceeding is not final until an outstanding application for attorneys' fees has been decided.[4]

---

[1] *See* DEL. FAM. CT. R. 6(a) ("In computing any period of time prescribed or allowed by these Rules, by order of Court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. . . .").

[2] *Campus Eye Mgmt., LLC v. DiDonato*, 2024 WL 1597799, at *1 (Del. Apr. 12, 2024).

[3] *Lipson v. Lipson*, 799 A.2d 345, 348 (Del. 2001).

[4] *See id.* ("[T]his Court has consistently held, and hereby reaffirmed, that a judgment on the merits of any request for ancillary relief is not final until an outstanding related application for an award of attorney's fees has been decided.").

2

(4)     In light of the pending motion for attorneys' fees, the Clerk of this Court issued a notice directing Ex-Husband to show cause why the appeal should not be dismissed as a procedurally improper interlocutory appeal.  In response, Ex-Husband, who is a self-represented litigant, states that the appeal is timely and argues the merits of the appeal.  He does not address the finality of the Family Court's order.

(5)     Because Ex-Wife's motion for attorneys' fees remains unresolved, the appeal is interlocutory and must be dismissed.  This dismissal is without prejudice to any timely appeal that Ex-Husband files from the Family Court's final order in the parties' ancillary proceeding.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice