**EMERALD PARTNERS, a New Jersey limited partnership, Plaintiff Below, Appellant,**

v.

**Ronald P. BERLIN, David L. Florence, Rex A. Sebastian, and Theodore H. Strauss, Defendants Below, Appellees.**

No. 96, 2001.

Supreme Court of Delaware.

Submitted: July 17, 2001.

Decided: July 20, 2001.

Gregory V. Varallo, Esquire, of Richards, Layton & Finger, for appellant.

P. Clarkson Collins, Jr., Esquire, Lewis H. Lazarus, Esquire, Michael A Weidinger, Esquire, of Morris, James, Hitchens & Williams, LLP, Wilmington, Delaware, for appellees.

Before WALSH, HOLLAND, BERGER, Justices, RIDGELY[1], President Judge and VAUGHN[2], Judge (constituting the Court en Banc).

HOLLAND, Justice.

The defendants-appellees, Ronald P. Berlin, David L. Florence, Rex A. Sebastian and Theodore H. Strauss ("Appellees"), have moved to dismiss the plaintiff-appellant, Emerald Partners' ("Emerald") appeal for lack of jurisdiction pursuant to Supreme Court Rules 29(b) and 30(d). The Appellees contends that an order entered prior to the determination of costs is interlocutory[3] and not appealable unless the appellant has complied with Supreme Court Rule 42. The Appellees' argument is supported by this Court's prior holdings in appeals from the Superior Court and the Family Court.[4]

Emerald acknowledges that it has not complied with Rule 42. Emerald submits that this Court should adopt the federal "bright line" test for finality with regard to the pendency of a motion for costs.[5] The

---

1. Sitting by designation pursuant to Supreme Court Rule 2 and Del. Const. art. IV § 12.

2. Sitting by designation pursuant to Supreme Court Rule 2 and Del. Const. art. IV § 12.

3. *Gaffin v. Teledyne, Inc.*, Del.Supr., 1991 WL 181488, No. 178, 1991, at 1–2, Moore, J. (Aug. 23, 1991)(ORDER).

4. *Wilson v. Sico*, Del.Supr., No. 496, 1997, 1997 WL 812626 at 2, Veasey, J.(ORDER); *Maier v. Santucci*, Del.Supr., No. 951, 1996, 1997 WL 70643 at 2, Hartnett, J. (Jan. 17, 1997)(ORDER).

5. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). *Compare Lipson v. Lipson*, Del.Supr., 799 A.2d 345 (2001).

federal test provides that any undecided motion related to costs, following the entry of a judgment on the merits, does not delay its finality and render it interlocutory.[6]

We have carefully considered the parties' arguments. We are persuaded that the pendency of a motion for costs should not delay the finality of a judgment on the merits. Therefore, we have concluded that the Appellees' motion to dismiss should be denied. To the extent that the prior decisions of this Court, involving appeals from the Superior Court and the Family Court, are inconsistent with this opinion they are overruled.[7]

### Facts

On February 7, 2001, the Court of Chancery issued a Memorandum Opinion holding that judgment on the merits after a trial would be entered in favor of the Appellees and costs would be borne by Emerald. The parties were instructed to submit a form of order implementing that ruling on the merits. The Appellees then filed a motion seeking costs. The Court of Chancery's Order implementing the Memorandum Opinion's rulings on the merits was dated February 22, 2001 and was docketed February 23, 2001.

On February 27, 2001, with Appellees' motion for costs still pending in the Court of Chancery, Emerald filed a Notice of Appeal. No other notice of appeal has been filed. On February 28, 2001, Emerald requested the Court of Chancery to either deny Appellees' Costs Motion or "reduce substantially the costs sought...."

By order dated March 19, 2001 and docketed March 20, 2001, the Court of Chancery decided the motion for costs and ordered Emerald to pay costs of $8,666.51. Emerald did not file a notice of appeal from the March 19 order within thirty days after its entry, as required by Supreme Court Rule 6(a) and 10 *Del. C.* § 145.

### Final Judgment Rule

■ An aggrieved party can appeal to this Court, as a matter of right, only after a final judgment is entered by the trial court.[8] "A 'final decision' is generally defined as one that ends the litigation on the merits and leaves nothing for the trial court to do but execute the judgment."[9] This Court recently noted that the proper application of the final judgment rule has been the subject of frequent litigation in federal and state courts.[10]

### Finality and Costs

■ This Court has held that an order is deemed final and appealable if the decision is the trial court's last act in disposing of all justiciable matters within its jurisdiction.[11] This Court has consistently held,

6. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988).

7. *Wilson v. Sico*, Del.Supr., No. 496, 1997, 1997 WL 812626 at 2, Veasey, J. (Dec. 22, 1997)(ORDER); *Maier v. Santucci*, Del.Supr., No. 951, 1996, 1997 WL 70643 at 2, Hartnett, J. (Jan. 17, 1997)(ORDER).

8. Del. Const. art. IV, § 11(1)(a); *Harrison v. Ramunno*, Del.Supr., 730 A.2d 653 (1999).

9. *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945).

10. *Lipson v. Lipson*, Del.Supr., 799 A.2d 345 (2001); *see generally* 46 Am.Jur.2d *Judgments* §§ 200–202 (1994); Carleton M. Crick, *The Final Judgment as a Basis for Appeal*, 41 Yale L.J. 539 (1932).

11. *J.I. Kislak Mortgage Corp. v. William Matthews, Bldr., Inc.*, Del.Supr., 303 A.2d 648, 650 (1973).

and recently reaffirmed, that a judgment on the merits is not final until an outstanding application for an award of attorney's fees has been decided.[12] In this case, the question presented is whether a decision on the merits constituted a separately appealable final judgment, notwithstanding the fact that a motion for an award of costs remained undecided.

The trial courts in Delaware have adopted rules that are generally identical to corresponding provisions in the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 58 provides, in part: "[e]ntry of the judgment shall not be delayed ... in order to tax costs." According to the Committee Notes, this provision was added in 1946 for emphasis, although the federal law was already of long standing to that effect and well settled.[13]

 Superior Court Rule 58(3) includes substantially identical language to Federal Rule 58. Court of Chancery Rule 58, however, does not address what impact an undecided application for a taxing of costs has on the finality of a prior judgment on the merits.[14] Nevertheless, we are convinced that judgments on the merits become final without waiting for a ruling on the issue of costs alone. Accordingly, we hold that the pendency of a motion for costs alone does not delay the finality of a judgment on the merits. We also hold that an appeal from the final judgment on the merits does not divest the trial court of jurisdiction to decide the motion to award costs.[15] Any decisions by this Court to the contrary are overruled.[16]

## *Conclusion*

The motion to dismiss is denied.

---

**12.** *Lipson v. Lipson*, Del.Supr., 799 A.2d 345 (2001) (noting that the Delaware rule on finality with regard to the pendency of an application for attorney's fees is different than the federal rule).

**13.** Fed.R.Civ.P. 58 advisory committee's note (1946); *see also* 12 James Wm. Moore et al., Moore's Federal Practice § 58.04[4]; § 58 App. 02[2] (3d ed.1999).

**14.** Family Court Civil Rule 58 also does not address the issue.

**15.** *See Robinson v. Meding*, Del.Supr., 163 A.2d 272, 275 (1960) ("Generally, under mod-

ern statutes and modern rules, an appeal from a final judgment brings up for review all interlocutory or intermediate orders involving the merits and necessarily affecting the final judgment *which were made prior to its entry*.") (emphasis added). *Accord Lipson v. Lipson*, Del. Supr., 799 A.2d 345 (2001).

**16.** *Wilson v. Sico*, Del.Supr., No. 496, 1997, 1997 WL 812626 at 2, Veasey, J. (Dec. 22, 1997)(ORDER) (trial court must dispose of all matters before an appeal can be taken, "including the determination of costs"); *Maier v. Santucci*, Del.Supr., No. 951, 1996, 1997 WL 70643 at 2, Hartnett, J. (Jan. 17, 1997)(ORDER) (same).