IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| | § | |
| IN RE RURAL METRO | § | No. 625, 2014 |
| CORPORATION SHAREHOLDERS | § | Court Below—Court of Chancery |
| LITIGATION, | § | of the State of Delaware, |
| | § | C.A. No. 6350-VCL |
| | § | |

Submitted: November 24, 2014
Decided: December 2, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

## ORDER

This 2nd day of December 2014, upon consideration of the notice to show cause, the appellant's response, and the appellee's reply, it appears to the Court that:

(1) On November 7, 2014, the defendant-appellant, RBC Capital Markets, LLC ("RBC"), filed a notice of appeal from three post-trial opinions of the Court of Chancery dated October 10, 2014, March 7, 2014, and December 17, 2013. Nine days before RBC filed the notice of appeal, counsel for the lead plaintiff-appellee filed an opening brief in support of a fee application in the Court of Chancery. In a letter accompanying the notice of appeal, RBC noted the pending fee application and stated that it filed the notice of appeal out of an abundance caution because the October 10, 2014 opinion referred to the entry of judgment against RBC in the amount of $75,798,550.33.

(2) On November 10, 2014, the Senior Court Clerk issued a notice directing RBC to show cause why the appeal should not be dismissed for RBC's failure to comply with Supreme Court Rule 42 in filing an appeal from an interlocutory order. In its response to the notice to show cause, RBC stated that it filed the appeal out of an abundance of caution and agreed that the appeal should be dismissed without prejudice if the Court viewed the appeal as an appeal from an interlocutory order. The appellee was asked to respond to RBC's submission. The appellee stated that an appeal at this stage of the proceedings was interlocutory and therefore RBC's appeal should be dismissed.

(3) This Court has consistently held that a judgment on the merits is not final and appealable until the trial court has ruled on an outstanding application for attorney's fees.[1] An application for attorneys' fees is currently pending in the Court of Chancery. The opinions from which RBC appealed are therefore interlocutory because they did not finally determine and terminate the case before the Court of Chancery.

---

[1] *Delaware Bay Surgical Servs., P.A. v. Swier*, 2005 WL 541016, at *1 (Del. Feb. 15, 2005); *Emerald Partners v. Berlin*, 811 A.2d 788, 790-91 (Del. 2001); *Lipson v. Lipson*, 799 A.2d 345, 348-50 (Del. 1992).

(4) This appeal must be dismissed because it was taken from an interlocutory order. Absent compliance with Supreme Court Rule 42, this Court has no jurisdiction to hear this interlocutory appeal.[2]

NOW, THEREFORE, IT IS ORDERED, that this appeal is DISMISSED. The filing fee paid by RBC shall be applied to any future appeal filed by RBC from a final order entered in this case.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

---

[2] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).