IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THE BOARD OF ADJUSTMENT OF THE CITY OF LEWES, | § § | No. 248, 2018 |
| | § | |
| Respondent Below, Appellant, | § § | Court Below—Superior Court of the State of Delaware |
| | § | |
| v. | § | C.A. No. S17A-06-003 |
| | § | |
| ERNEST M. NEPA and DEBORAH A. NEPA, | § § | |
| | § | |
| Petitioners Below, Appellees. | § § | |

| | | |
|---|---|---|
| THE CITY OF LEWES, DELAWARE, | § § | No. 256, 2018 |
| | § | |
| Respondent Below, Appellant, | § § | Court Below—Superior Court of the State of Delaware |
| | § | |
| v. | § | C.A. No. S17A-06-003 |
| | § | |
| ERNEST M. NEPA and DEBORAH A. NEPA, | § § | |
| | § | |
| Petitioners Below, Appellees. | § § | |

Submitted: June 5, 2018
Decided: June 11, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## **ORDER**

This 11th day of June 2018, having considered the notices to cause in the above-captioned appeals and the parties' responses, it appears to the Court that:

(1) These appeals arise from a Superior Court letter opinion, dated April 11, 2018, reversing the respondent below-appellant Board of Adjustment of the City of Lewes' decision denying the application for three variances filed by the petitioners below-appellees Ernest M. Nepa and Deborah A. Nepa. On April 20, 2018, the Nepas filed a Motion for Costs and Attorneys' Fees under 22 *Del. C.* § 332 and the Corporate Benefit Doctrine. The Nepas filed an amended motion on April 25, 2018.

(2) On May 9, 2018, the Board of Adjustment filed a notice of appeal from the April 11, 2018 opinion. On May 10, 2018, the respondent below-appellant City of Lewes, Delaware filed a notice of appeal from the April 11, 2018 opinion. On May 14, 2018, the Senior Court Clerk issued notices directing the appellants to show cause why these appeals should not be dismissed for their failure to comply with Supreme Court Rule 42 in taking appeals from an apparent interlocutory order.

(3) In their joint responses to the notices to show cause, the appellants contend that the April 11, 2018 decision is final and appealable, not interlocutory. The appellants argue that the pending motion for costs and attorneys' fees does not invoke a meritorious basis for an award of attorneys' fees and a motion for costs alone does not stay the finality of a judgment for purposes of an appeal. The appellees contend that the April 11, 2018 decision is interlocutory because the

2

pending motion seeks attorneys' fees as well as costs and does set forth a meritorious basis for an award of attorneys' fees.

(4) Absent compliance with Supreme Court Rule 42 ("Rule 42"), this Court is limited to the review of a trial court's final judgment.[1] An order is deemed final and appealable when it disposes of all justiciable matters.[2] "[A] pending motion for attorneys' fees delays the finality of a judgment on the merits," but "a pending motion for costs alone does not."[3]

(5) After careful consideration of the parties' positions, we conclude that this appeal must be dismissed as interlocutory. A motion for costs *and* attorneys' fees is pending in the Superior Court. The possibility that the Superior Court may deny the appellees' request for attorneys' fees does not transform the motion for costs and attorneys' fees into a motion for costs alone. The April 11, 2018 decision is therefore interlocutory. The appellants were required to comply with the provisions of Rule 42, but did not do so. These appeals must be dismissed.

---

[1] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

[2] *J.I. Kislak Mortg. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).

[3] *McDaniel v. DaimlerChrysler Corp.*, 860 A.2d 321, 322 (Del. 2004). *See also Emerald Partners v. Berlin*, 811 A.2d 788, 790-91 (Del. 2001).

3

NOW, THEREFORE, IT IS ORDERED, that these appeals are DISMISSED.

The filing fees paid by the appellants shall be applied to any future appeal they file

from a final order entered in the case.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice