IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOSEPH PETRONE, §
§ No. 34, 2018
Defendant Below, §
Appellant, § Court Below: Court of Chancery
§ of the State of Delaware
v. §
§ C.A. No. 10562
CANAL CORKRAN §
HOMEOWNERS ASSOCIATION, §
INC., a Delaware non-profit §
corporation, §
§
Plaintiff Below, §
Appellee. §

Submitted: July 20, 2018
Decided: August 21, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

# O R D E R

This 21st day of August 2018, it appears that:

(1) This appeal is from an order of the Court of Chancery. The Appellant, Joseph Petrone, owns a residential property in Canal Corkran subdivision at Rehoboth Beach. The Appellee is Canal Corkran Homeowners Association, Inc. The subdivision's Declaration of Covenants, Conditions, Easements and Restrictions requires a property owner to submit any proposed construction to the Homeowners Association's Architectural Review Committee for prior approval. Petrone sought and received approval to construct a dwelling on his property. His application indicated the driveway would be made of asphalt. The driveway he

installed, however, was made of oyster shells. The Homeowners Association claimed the oyster shell driveway violated the Declaration and brought an action in the Court of Chancery seeking an order requiring Petrone to replace the oyster shell driveway with one that complied with the Declaration.

(2) In a bench ruling dated December 20, 2017 the Court of Chancery ruled in favor of the Homeowners Association. It also ruled that the Homeowner's Association was entitled to an award of attorneys' fees and costs under 10 *Del. C.* § 348.

(3) On January 10, 2018 counsel for the Homeowners Association submitted a detailed application seeking $63,045.48 in attorneys' fees and costs.

(4) On January 11, 2018 the Court of Chancery entered an order requiring Petrone to apply to the Architectural Review Committee for approval of a driveway which complied with the Declaration and to install the driveway after approval.

(5) On January 19, 2018, this appeal was filed. When the appeal was filed, the Court of Chancery had not yet ruled on the Homeowners Associations' application for attorneys' fees and costs, and it remains pending in that court.

(6) On July 12, 2018 the Clerk of the Supreme Court issued a notice directing the Appellant to show cause why this appeal should not be dismissed for his failure to comply with Supreme Court Rule 42 in taking an appeal from an apparent interlocutory order.

(7) In his response, the Appellant contends that the Court of Chancery's December 20, 2017 is a final order. In the alternative, the Appellant requests, if this appeal is found to be interlocutory, that the appeal be stayed until the Court of Chancery determines the amount of attorneys' fees and costs to be awarded.

(8) Absent compliance with Supreme Court Rule 42, this Court is limited to the review of a trial court's final judgment.[1] An order is deemed final and appealable when it disposes of all justiciable matters.[2] "[A] pending motion for attorneys' fees delays the finality of a judgment on the merits," but "a pending motion for costs alone does not."[3]

(9) We conclude that this appeal must be dismissed as interlocutory. A motion for costs *and* attorneys' fees is pending in the Court of Chancery.

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED. The filing fees paid by the Appellant shall be applied to any future appeal he files from a final order entered in this case.

BY THIS COURT:

/s/ James T. Vaughn, Jr.

---

[1] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

[2] *J.I. Kislak Mort. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).

[3] *McDaniel v. DaimlerChrysler Corp.,* 860 A.2d 321, 322 (Del. 2004). *See also Emerald Partners v. Berlin*, 811 A.2d 788, 790-91.