IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION: | § | |
| | § | No. 129, 2020 |
| FORD MOTOR COMPANY, | § | |
| | § | |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N14C-08-164 |
| PAULA KNECHT, Individually, | § | |
| and as Independent Executrix of the | § | |
| estate of LARRY W. KNECHT, | § | |
| deceased, | § | |
| | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: May 15, 2020
Decided: May 22, 2020

Before **VALIHURA, VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the notice to show cause and the responses, it appears

to the Court that:

(1) On March 3, 2020, the Superior Court issued a memorandum opinion

and order denying the motion for new trial or, in the alternative, remittitur ("Motion

for New Trial") filed by the defendant/appellant, Ford Motor Company ("Ford").

On March 13, 2020, the plaintiff/appellee, Paula Knecht, Individually, and as

Independent Executrix of the estate of Larry W. Knecht, filed a motion for entry of

judgment, seeking the award of pre- and post-judgment interest under New Mexico law ("Motion for Entry of Judgment"). Thereafter, on March 31, 2020, the defendant/appellant, Ford Motor Company ("Ford"), filed a notice of appeal from the Superior Court's March 3, 2020 order denying the Motion for New Trial. In Ford's notice of appeal, Ford noted that the Motion for Entry of Judgment remained pending and stated that it filed the notice of appeal out of an abundance of caution in the event that it was later determined that the Superior Court's March 3, 2020 order constituted a final, appealable order.

(2) On April 6, 2020, the Senior Court Clerk issued a notice directing Ford to show cause why the appeal should not be dismissed for Ford's failure to comply with Supreme Court Rule 42 when filing an appeal from an apparent interlocutory order. In its response to the notice to show cause, Ford notes that this Court has held that a pending motion for costs alone does not delay the finality of a judgment on the merits[1] and, therefore, the Superior Court's order denying its Motion for New Trial is final and appealable. In answer to Ford's response, Knecht contends that, at a minimum, post-judgment interest is not a "cost" and the as-yet-undecided Motion for Entry of Judgment renders the Superior Court's order interlocutory.

(3) Having carefully considered the parties' positions and the Superior

---

[1] *Emerald Partners v. Berlin*, 811 A.2d 788, 791 (Del. 2001).

2

Court record, the Court concludes that the appeal is interlocutory. The Superior Court's action on the pending Motion for Entry of Judgment will require an exercise of judicial discretion in deciding whether, and in what amount, to award pre- and/or post-judgment interest to Knecht.[2]

(4) A judgment is final for purposes of appeal when it disposes of all judiciable matters.[3] In this case, the Superior Court's opinion denying Ford's Motion for New trial is not a final judgment because the Superior Court has not yet ruled on Knecht's Motion for Entry of Judgment.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b) and Rule 42, that the appeal is DISMISSED. The filing fee paid by Ford in connection with this appeal shall be applied to any future appeal filed by Ford from a final order entered in this case.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[2] *See Swier v. McLeod*, 2016 WL 2934614, at *1 (Del. May 17, 2016).
[3] *J.I. Kislak Mortg. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).