IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ICATECH CORPORATION and<br>EMPRESAS ICA, S.A.B. DE. C.V., | § | |
| | § | |
| | § | No. 434, 2020 |
| Defendants and Counterclaim | § | |
| Plaintiffs-Below, | § | Court Below—Superior Court |
| Appellants, | § | of the State of Delaware |
| | § | |
| v. | § | C.A. No. N17C-09-163 |
| | § | |
| PAUL V. FACCHINA, SR., individually | § | |
| and as Sellers' Representative, | § | |
| | § | |
| Plaintiff and Counterclaim | § | |
| Defendant-Below, | § | |
| Appellee. | § | |

Submitted: January 19, 2021
Decided: January 22, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

Upon consideration of the notice to show cause and the appellants' response, it appears to the Court that:

(1) On December 21, 2020, the appellants, ICATECH Corporation and Empresas ICA, S.A.B. De. C.V. (collectively, "ICATech"), filed a notice of appeal from the Superior Court's post-trial opinion, dated October 29, 2020, and final order and judgment, dated November 24, 2020. That same day, ICATech filed a motion

for attorneys' fees and costs and the appellee, Paul V. Facchina, Sr. ("the Seller Representative"), filed a motion for attorneys' fees and costs in the Superior Court.

(2)     On January 7, 2021, the Senior Court Clerk issued a notice directing ICATech to show cause why this appeal should not be dismissed for failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order.   In the response to the notice to show cause, ICATech emphasizes that the November 24, 2020 order was captioned "Final Order and Judgment," but acknowledges that the order directed the parties to brief their entitlement to, and the amount of, any fees and costs and that this Court is likely to find the appeal interlocutory.  The Seller Representative's position is that this appeal is interlocutory.

(3)     After careful consideration of the response to the notice to show cause, we conclude that this appeal must be dismissed as interlocutory.  Absent compliance with Supreme Court Rule 42 ("Rule 42"), this Court is limited to the review of a trial court's final judgment.[1]  An order is deemed final and appealable if the trial court has declared its intention that the order be the court's final act in disposing of all

---

[1] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

justiciable matters within its jurisdiction.[2]  A judgment is not final and appealable when there is an outstanding application for attorneys' fees.[3]

(4)   Applications for attorneys' fees are currently pending in the Superior Court.  This appeal is therefore interlocutory, requiring compliance with Rule 42.  In the absence of compliance with Rule 42, this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED.  The filing fee paid by ICATech shall apply to any future appeal it files from a final order entered in the case.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[2] *J.I. Kislak Mortg. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).
[3] *In re Rural Metro Corp. S'holders Litig.*, 2014 WL 7010818, at *1 (Del. Dec. 2, 2014); *Emerald Partners v. Berlin*, 811 A.2d 788, 790–91 (Del. 2001).