IN THE SUPREME COURT OF THE STATE OF DELAWARE

MASON PAVE,[1] § 
§ No. 50, 2021
    Petitioner Below, §
    Appellant, § Court Below: Family Court
§ of the State of Delaware
    v. §
§ File No. CN18-02129
MARIAH PAVE, § Petition Nos. 18-34712
§ 19-31509
    Respondent Below, Appellee. § 18-09255
§

Submitted: March 12, 2021
Decided: April 14, 2021

Before **SEITZ**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

**O R D E R**

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)    On February 22, 2021, the appellant ("Ex-Husband") filed a notice of appeal from a Family Court order, dated January 22, 2021, which considered Ex-Husband's request for review of a Commissioner's order and affirmed the Commissioner's order. The Commissioner's order, which is dated August 10, 2020, found Ex-Husband in contempt of a protection-from-abuse order; among other relief, the Commissioner's order authorized counsel for the appellee ("Ex-Wife") to

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

submit an affidavit of attorneys' fees and costs and an accounting of certain funds owed to Ex-Wife, so that the court could enter an order addressing the amounts owed. In the order that Ex-Husband seeks to appeal—that is, the Family Court order reviewing the Commissioner's order—the Family Court determined that the Commissioner's order was an interim order because the Commissioner had not yet ruled on the attorneys' fees.

(2) The Senior Court Clerk issued a notice directing Ex-Husband to show cause why the appeal should not be dismissed for his failure to comply with Supreme Court Rule 42 in taking an appeal from an interlocutory order. In response to the notice to show cause, Ex-Husband sets forth the reasons that he believes that this Court should review the Family Court's order on an interlocutory basis. But he does not assert that he complied with Rule 42, and review of the Family Court record confirms that he did not.[2]

(3) An order constitutes a final judgment when it "leaves nothing for future determination or consideration."[3] The Family Court's January 22, 2021 order is interlocutory because the issue of attorneys' fees has not yet been finally resolved in

---

[2] *See, e.g.*, DEL. SUPR. CT. R. 42(c) (providing that "[a]n application for certification of an interlocutory appeal shall be made in the first instance to the trial court"); *id.* R. 42(c)(i) (requiring that an application for certification of an interlocutory appeal be served and filed with the trial court within ten days of the entry of the order from which the appeal is sought).
[3] *Werb v. D'Alessandro*, 606 A.2d 117, 119 (Del. 1992).

2

the Family Court.[4]  Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final orders.[5]  Ex-Husband's failure to comply with Supreme Court Rule 42 leaves this Court without jurisdiction to hear this interlocutory appeal.

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[4] *See Emerald Partners v. Berlin*, 811 A.2d 788, 790-91 (Del. 2001) ("This Court has consistently held, and recently reaffirmed, that a judgment on the merits is not final until an outstanding application for an award of attorney's fees has been decided.").  It appears from the Family Court docket that the Commissioner entered an order on attorneys' fees on March 15, 2021.  A Family Court litigant may appeal to this Court only from a final order issued by a *judge* of the Family Court; review of a Commissioner's order must be sought in accordance with 10 *Del. C.* § 915(d) in the first instance.  *E.g.*, *Waples v. Div. of Child Support Enforcement*, 2005 WL 1653768 (Del. June 23, 2005).

[5] *Hines v. Williams*, 2018 WL 2435551 (Del. May 29, 2018).