## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

DEANN M. TOTTA, LAURIE
MORRISSEY, CHASE WATSON and
PARK G.P., INC., a Missouri corporation,

Plaintiffs,

v.

CCSB FINANCIAL CORP., a Delaware
corporation,

Defendant.

C.A. No. 2021-0173-KSJM

## ORDER DENYING APPLICATION TO CERTIFY INTERLOCUTORY APPEAL AND REQUEST FOR ENTRY OF PARTIAL FINAL JUDGMENT

1. Defendant CCSB Financial Corporation ("CCSB") is a holding company that owns a small community bank. The plaintiffs are Park G.P., Inc. ("Park") and its slate of nominees who stood for election at the CCSB 2021 annual meeting (the "Park Nominees"). In connection with its 2021 director election, CCSB's incumbent board invoked a provision in its charter that prohibits a stockholder from exercising more than 10% of the company's voting power in an election (the "Voting Limitation"). The board instructed the inspector of elections not to count any votes above the Voting Limitation that were submitted by Park, the Park Nominees, and an entity affiliated with a nominee's father. Due to this instruction, the Park Nominees lost the election. The plaintiffs sued under Section 225 of the Delaware General Corporation Law to invalidate the board's instruction to the inspector of elections. The parties stipulated to trial on a paper record.

2. The court ruled in favor of the plaintiffs in a post-trial opinion issued on May 31, 2022 (the "Opinion").[1] The court issued an order implementing that opinion on July 18, 2022 (the "July 18 Order"),[2] which provided that the Park Nominees won the 2021 election and were directors.[3] In the July 18 Order, the court also reserved jurisdiction to hear an application for an award of attorneys' fees and expenses for the corporate benefits that the plaintiffs conferred on CCSB and its stockholders.[4]

3. Although the July 18 Order retained jurisdiction for the purpose of hearing the plaintiffs' application for attorneys' fees, CCSB noticed an appeal on August 16, 2022.[5] The Delaware Supreme Court issued a notice to show cause, directing CCSB to explain why the appeal should not be dismissed for failure to comply with Supreme Court Rule 42.[6]

4. CCSB did not first respond to the Supreme Court's notice to show cause or dismiss its appeal. Instead, on August 19 and 22, CCSB moved for certification of interlocutory appeal (the "Interlocutory Appeal Motion")[7] and separately sought clarification in the form of a Request for Partial Final Judgment under Court of Chancery

---

[1] C.A. No. 2021-0173-KSJM, Docket ("Dkt.") 76.

[2] Dkt. 92.

[3] *Id.* at 4.

[4] *Id.*

[5] Dkt. 94 ("Def.'s Notice of Appeal").

[6] Dkt. 95.

[7] Dkt. 97.

Rule 54(b) (the "Rule 54(b) Motion").[8] On August 29, 2022, the plaintiffs filed a joint opposition to CCSB's Interlocutory Appeal Motion and Rule 54(b) Motion.[9]

5. On August 24, 2022, the plaintiffs moved for attorneys' fees and expenses (the "Fee Petition").[10] CCSB has not responded to the Fee Petition.

6. Meanwhile, on August 26, 2022, CCSB responded to the notice to show cause, asserting that the Supreme Court has jurisdiction to hear an appeal because the July 18 Order was in fact a final, appealable judgment.[11] If CCSB prevails in this position, then the Interlocutory Appeal Motion and Rule 54(b) Motion will be moot. If CCSB does not prevail, as discussed next, there is no reason for a piecemeal appeal.

7. The Interlocutory Appeal Motion is denied.

    a. Supreme Court Rule 42(c)(i) permits certification of interlocutory appeal so long as the application is "served and filed within 10 days of the entry of the order from which the appeal is sought or *such longer time as the trial court, in its discretion, may order for good cause shown*."[12]

---

[8] Dkt. 98.

[9] Dkt. 101.

[10] Dkt. 100.

[11] *But see ICATECH Corp. v. Facchina*, 2021 WL 225825, at *1 (Del. Jan. 22, 2021) ("A judgment is not final and appealable when there is an outstanding application for attorneys' fees."); *In re Rural Metro Corp. S'holders Litig.*, 2014 WL 7010818, at *1 (Del. Dec. 2, 2014) ("This Court has consistently held that a judgment on the merits is not final and appealable until the trial court has ruled on an outstanding application for attorney's fees.").

[12] Supr. Ct. R. 42(c)(i) (emphasis added).

b. CCSB's Interlocutory Appeal Motion was untimely. CCSB did not file its notice of appeal until August 16, 2022, which was 29 days after entry of the July 18 Order.[13]

c. CCSB has not shown good cause to permit the untimely application. CCSB advances what could be called a mistake-of-law argument—CCSB was confused about whether the July 18 Order was final or interlocutory.[14] This confusion does not rise to the level of good cause. If CCSB was confused, it should have erred on the side of a timely filing and then sought clarification. Moreover, permitting untimely applications each time a litigant is unsure about the status of an order would lead to the inefficient use of litigant and judicial resources.

8. The Rule 54(b) Motion is denied.

a. Court of Chancery Rule 54(b) permits entry of a partial final judgment "only upon an express determination that there is no just reason for delay."[15] In evaluating whether there is no just reason for delay, the court "may consider any factor relevant to judicial administrative interests or the equities of the case," keeping in mind that "a Rule 54(b) order should not be entered unless the moving

---

[13] Def.'s Notice of Appeal.

[14] Def.'s Mot. To File Appl. For Certification of Interloc. Appeal at 2.

[15] Ct. Ch. R. 54(b).

party can show some danger of hardship or injustice through delay which would be alleviated by immediate appeal."[16]

      b.      "Rule 54(b) is an exception to the well-established policy against piecemeal appeals, and does not contemplate the entry of final judgment absent a showing of some degree of hardship or injustice through delay which would be alleviated by immediate appeal."[17] The court must exercise its power to find no just reason for delay under Rule 54(b) "sparingly."[18] Rule 54(b) "is not an invitation for this Court to flood the Supreme Court's docket."[19]

      c.      CCSB argues that the need for clarity as to its board composition and the "expedited nature of Section 225 proceedings in general" foreclose delay.[20] Relying on cases permitting post-trial costs petitions to proceed parallel to appeals, CCSB argues by analogy that the pendency of an attorneys' fees claim after a post-trial order does not necessarily prevent that order from being deemed final for appellate purposes.[21]

---

[16] *Post Holdings, Inc. v. NPE Seller Rep LLC*, 2018 WL 5429833, at *7 (Del. Ch. Oct. 29, 2018) (internal quotation marks omitted).

[17] *Zimmerman v. Home Shopping Network, Inc.*, 1990 WL 140890, at *1 (Del. Ch. Sept. 25, 1990) (internal quotation marks omitted).

[18] *In re Tri-Star Pictures, Inc., Litig.*, 1989 WL 112740, at *1 (Del. Ch. Sept. 26, 1989).

[19] *Sider v. Hertz Global Hldgs., Inc.*, 2019 WL 2501481, at *2 (Del. Ch. June 17, 2019).

[20] Rule 54(b) Mot. at 3.

[21] *See Emerald P'rs v. Berlin*, 811 A.2d 788, 791 (Del. 2001) (holding that "the pendency of a motion for costs alone does not delay the finality of a judgment on the merits"); *State ex rel. Jennings v. City of Seaford*, 2022 WL 2340763, at *17 (Del. Ch. June 29, 2022) (holding that "[a] dispute over costs does not delay the entry of a final judgment").

d. It is true, as CCSB argues, that Section 225 proceedings are frequently expedited. Yet CCSB did not seek to rush these proceedings when the incumbents were at the helm. CCSB is therefore ill-positioned to cause these proceedings to rush forward in a disorderly fashion now.

e. It is also true that the pendency of post-trial petitions for costs do not automatically prevent an order of this court from being final for appellate purposes. And an attorneys' fees petition does not foreclose this court from granting the Rule 54(b) Motion. The fact that the court *may* grant Rule 54(b) relief under these circumstances, however, does not require it to do so.

f. CCSB presents no good reason to grant the Rule 54(b) Motion. The parties could quickly brief the Fee Petition, thereby securing a final, appealable judgment and avoiding a potentially wasteful and duplicative appeal. CCSB could also stipulate not to appeal the plaintiffs' requested fee amount (subject to a reservation to challenge the entitlement to fees on appeal), thereby streamlining this court's review of the Fee Petition. Rather than pursue any of these options, CCSB filed a host of duplicative and overlapping petitions seeking a shortcut around the ordinary appellate route. Rule 54(b) is invoked in the exceptional case. CCSB has not demonstrated exceptionality here.

9. For the foregoing reasons, CCSB's Interlocutory Appeal Motion and Rule 54(b) Motion are denied.

/s/ Kathaleen St. J. McCormick
Chancellor Kathaleen St. J. McCormick
Dated: September 7, 2022