**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| BV ADVISORY PARTNERS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2022-0719-BWD |
| | ) | |
| QUANTUM COMPUTING INC., | ) | |
| QPHOTON, LLC, YUPING | ) | |
| HUANG, XIAO PAN, ROBERT | ) | |
| LISCOUSKI, WILLIAM MCGANN, | ) | |
| CHRIS ROBERTS, JOSEPH | ) | |
| MICHAEL SALVANI, GREGORY | ) | |
| OSBORN, and DAN WALSH, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR COSTS**

WHEREAS:

A.      On August 16, 2022, plaintiff BV Advisory Partners, LLC ("BV" or "Plaintiff") initiated this action against defendants Quantum Computing Inc. ("QCI"), QPhoton, LLC ("QPhoton"), Yuping Huang, Xiao Pan, Robert Liscouski, William McGann, Chris Roberts, Joseph Michael Salvani, Gregory Osborn, and Dan Walsh (collectively, "Defendants") through the filing of a Verified Complaint for Breach of Fiduciary Duty, Aiding and Abetting, Breach of Contract, and Other Relief.  Dkt. 1.

B.      On December 13, 2022, Plaintiff filed an amended complaint, Dkt. 39, and on March 24, 2023, Plaintiff filed a second amended complaint (the "Second

Amended Complaint"). Verified Second Am. Compl. for Breach of Fiduciary Duty, Aiding and Abetting, Breach of Contract, and Other Relief [hereinafter Compl.], Dkt. 61.

C. The Second Amended Complaint alleges that in connection with a merger between QCI and QPhoton, Inc., Defendants "diverted approximately $13 million due to BV" under a note purchase agreement and "deprived BV of tens of millions of dollars of equity" to which BV was entitled under a binding letter of intent. *Id.* ¶¶ 23, 38–39. The Second Amended Complaint asserted ten causes of action, including:

- Count I for breach of a voting agreement against QPhoton and Huang;

- Count II for breach of a note purchase agreement and notes against QPhoton;

- Count III for breach of a binding letter of intent against QPhoton;

- Count IV for tortious interference with a voting agreement against QCI, Pan, Liscouski, Salvani, McGann, Roberts, Osborn, and Walsh;

- Count V for tortious interference with a note purchase agreement and notes against QCI, Huang, Pan, Liscouski, McGann, Roberts, Salvani, Osborn, and Walsh;

2

- Count VI for tortious interference with a binding letter of intent against QCI, Huang, Pan, Liscouski, McGann, Roberts, Salvani, Osborn, and Walsh;

- Count VII for breach of fiduciary duty against Huang and Pan;

- Count VIII for aiding and abetting breach of fiduciary duty against QCI, Huang, Pan, Liscouski, McGann, Roberts, Salvani, Osborn, and Walsh;

- Count IX for fraudulent transfer against all Defendants; and

- Count X for unjust enrichment against all Defendants.

*See id.* ¶¶ 163–208.

D. On March 31, 2023, Defendants moved under Court of Chancery Rules 12(b)(2) and 12(b)(6) to dismiss all counts in the Second Amended Complaint except for Count II. Dkts. 62, 65.

E. On May 28, 2024, Vice Chancellor Glasscock, to whom this action was assigned, issued a memorandum opinion (the "Memorandum Opinion") dismissing Counts I, III through VI, and VIII through X, leaving only Counts II (against QPhoton) and VII (against Huang and Pan) remaining. *See* Dkt. 104. With respect to Count VII, the Memorandum Opinion concluded that the Second Amended Complaint stated a claim for breach of the duty of care. *Id.* at 44–49.

F. On July 19, 2024, Huang and Pan moved for summary judgment on Count VII because QPhoton, Inc.'s certificate of incorporation exculpated its

directors, including Huang and Pan, from liability for breaches of the duty of care pursuant to Section 102(b)(7) of the Delaware General Corporation Law.  Dkt. 112.

G.  On October 17, 2024, the Court entered a stipulated order of dismissal (the "Stipulated Final Order").  Dkt. 125.  In the Stipulated Final Order, the parties stipulated to dismiss Count VII with prejudice pursuant to Court of Chancery Rule 12(b)(6).  *Id.*  The Stipulated Final Order also stipulated to dismiss Count II, "subject to Plaintiff's right to elect to transfer Count II to the Superior Court of the State of Delaware pursuant to 10 *Del. C.* § 1902[,]" given the Court's lack of subject matter jurisdiction over that remaining claim*.  Id*.

H.  On October 28, 2024, Plaintiff elected to "transfer [the] case (Count II) to the Superior Court."  Dkt. 126.  On November 12, Plaintiff filed a complaint in Superior Court against QPhoton.  *See BV Advisory P'rs, LLC v. QPhoton, LLC*, N24C-11-150 EMD CCLD (Del. Super. Nov. 12, 2024).

I.  Two months after the Court entered the Stipulated Final Order, on December 20, 2024, Defendants filed a motion for costs (the "Motion for Costs").  Defs.' Mot. for Costs [hereinafter Mot.], Dkt. 129.  Through the Motion for Costs, Defendants seeks costs under Court of Chancery Rule 54(d) as the "prevailing part[ies]" in this action.  *Id.* ¶¶ 8–9.

J.  On January 13, 2025, Plaintiff filed an Opposition to Defendants' Motion for Costs, arguing that the Motion for Costs should be denied as untimely.

4

Pl.'s Opp'n to Defs.' Mot. for Costs [hereinafter Pl. Opp'n], Dkt. 132. In addition, Plaintiff contends that Huang and Pan are not entitled to costs because the parties stipulated to dismiss Count VII against them, and QPhoton is not entitled to costs because no party has yet prevailed on Count II, which is now before the Superior Court. *Id.* ¶¶ 11, 15.

K. This action was reassigned to me on January 28, 2025. Dkt. 138.

NOW, THEREFORE, IT IS HEREBY ORDERED, this 19th day of February 2025, as follows:

1. Court of Chancery Rule 54(d) provides that, "[e]xcept when express provision therefor is made either in a statute or in these Rules, costs shall be allowed as of course to the prevailing party unless the Court otherwise directs." Ct. Ch. R. 54(d). "While the use of the term 'shall' implies that this Court should award costs to the party it deems to have prevailed, the Court has wide discretion in awarding or apportioning costs in each particular case[.]" *Adams v. Calvarese Farms Maint. Corp.*, 2011 WL 383862, at *3 (Del. Ch. Jan. 13, 2011); *see also Everitt v. Everitt*, 146 A.2d 388, 393 (Del. 1958) ("[T]he general rule recognizes that the awarding of costs is always within the sound discretion of the [Vice] Chancellor.").

2. "For purposes of Rule 54(d), the 'prevailing party' is the party who successfully prevails on the merits of the main issue. Courts have understood this to mean that a party need not be successful on all claims, but successful on a general

majority of the claims." *FGC Hldgs. Ltd. v. Teltronics, Inc.*, 2007 WL 241384, at *17 (Del. Ch. Jan. 22, 2007) (first citing *Brandin v. Gottlieb*, 2000 WL 1005954, at *26 (Del. Ch. July 13, 2000); and then citing *NuCar Consulting, Inc. v. Doyle*, 2006 WL 1071533, at *2–3 (Del. Ch. Apr. 17, 2006)); *see also Owen v. Tavistock Civic Ass'n, Inc.*, 2019 WL 1349656, at *3 (Del. Ch. Mar. 26, 2019) ("[T]he [party] must still prevail on 'the merits of the main issue or . . . on most of [the] claims'" (ellipses in original) (quoting *eCommerce Indus., Inc. v. MWA Intel., Inc.*, 2013 WL 5621678, at *52 (Del. Ch. Sept. 30, 2013))). "This Court has found that a party prevailed through resolutions short of a judicial determination, like settlements and consents to judgment." *Owen*, 2019 WL 1349656, at *3.

3. The Memorandum Opinion dismissed all claims against QCI, Liscouski, McGann, Roberts, Salvani, Osborn, and Walsh. Those Defendants are therefore "prevailing parties" entitled to costs under Rule 54(d).

4. With one exception, the Memorandum Opinion also dismissed all claims against Pan and Huang. The Memorandum Opinion found that Count VII stated a claim against Pan and Huang for breach of the duty of care, but after Pan and Huang moved for summary judgment based on QPhoton, Inc.'s exculpation provision, the parties stipulated to dismiss that count under Rule 12(b)(6) as well. Accordingly, Huang and Pan are prevailing parties entitled to costs under Rule 54(d). *See, e.g., Avaya, Inc. v. Charter Commc'ns Hldg. Co., LLC*, 2016 WL 381261 (Del.

6

Ch. Jan. 29, 2016) (determining that defendant was the prevailing party where plaintiff voluntarily dismissed claims); *Nowak v. Nonantum Mills Maint. Corp.*, 2005 WL 1252401, at *2 (Del. Ch. May 18, 2005) (concluding petitioners were prevailing parties where the parties stipulated to certain issues, explaining that "[t]he lack of a judicial decision does not negate [the prevailing party's] right to recover" costs).

5.     In addition, with one exception, the Memorandum Opinion also dismissed all claims against QPhoton.  The Memorandum Opinion did not address Count II, which Plaintiff elected to transfer to Superior Court for lack of subject matter jurisdiction.  Because QPhoton prevailed on most of the claims against it in this action, it is also a prevailing party entitled to costs.  *See Adams*, 2011 WL 383862, at *3 ("Under Rule 54(d), the 'prevailing' party is the party who successfully prevails on the merits of the main issue or on *most* of her claims.  Courts interpret the term 'prevailing' to mean that a party need not be successful on all claims, but rather must succeed on a general majority of claims." (emphasis in original)).[1]

---

[1] Even if QPhoton were not deemed a prevailing party, it appears QPhoton did not incur costs separate from other Defendants, who filed submissions jointly with QPhoton and who are also prevailing parties entitled to costs. *See, e.g.*, Dkts. 23, 33, 42, 51, 62–63, 78, 97–98, 107, 111, 115, 124, 129, 137.

7

6.      Plaintiff contends that the Motion for Costs should be denied as untimely. Plaintiff acknowledges that, unlike Superior Court Civil Rule 54(d),[2] Court of Chancery Rule 54(d) does not include a deadline by which a party must move for costs. The Motion for Costs was filed approximately two months after entry of the Stipulated Final Order.[3] Plaintiff has not demonstrated that such delay was prejudicial or would otherwise render an order of costs inequitable. *See In re Oracle Deriv. Litig.*, 2023 WL 9053148, at *3 (Del. Ch. Dec. 28, 2023) ("The Court of Chancery is empowered to consider the equities in a particular case when determining whether to grant a motion for costs, even though, typically, the burden lies with the non-prevailing party to rebut the presumption under Court of Chancery Rule 54(d) that the prevailing party should receive costs. . . ." (first citing 10 *Del C.*

---

[2] *Compare* Ct. Ch. R. 54(d) ("Except when express provision therefor is made either in a statute or in these Rules, costs shall be allowed as of course to the prevailing party unless the Court otherwise directs."), *with* Super. Ct. Civ. R. 54(d) ("Except when express provision therefor is made either in a statute or in these Rules or in the Rules of the Supreme Court, costs shall be allowed as of course to the prevailing party upon application to the Court *within ten (10) days of the entry of final judgment* unless the Court otherwise directs." (emphasis added)).

[3] Plaintiff argues that "repose set[] in" because Defendants waited seven months after the Memorandum Opinion was issued to file the Motion for Costs. *See* Pl. Opp'n ¶ 8. But final judgment was entered on October 17, 2024, when all remaining claims were resolved through the Stipulated Final Order. *See Ferrellgas P'rs v. Zurich Am. Ins. Co.*, 319 A.3d 849, 876 (Del. 2024) ("[A] final judgment is one that determines all the claims as to all the parties." (quoting *Tyson Foods, Inc. v. Aetos Corp.*, 809 A.2d 575, 579 (Del. 2002))); *Emerald P'rs v. Berlin*, 811 A.2d 788, 790 (Del. 2001) (explaining that an order is deemed a final judgment if "the decision is the trial court's last act in disposing of all justiciable matters within its jurisdiction").

§ 5106; and then citing *Gaffin v. Teledyne, Inc.*, 1993 WL 271443, at *3 (Del. Ch. July 13, 1993))). I therefore find an award of costs to Defendants, as the prevailing parties, appropriate under Court of Chancery Rule 54(d), notwithstanding any delay in filing the Motion for Costs.

7.      Accordingly, the Motion for Costs is GRANTED.

*/s/ Bonnie W. David*

Bonnie W. David
Vice Chancellor