IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RACHEL WILSON and PETER WILSON,[1] | § § § | No. 298, 2025 |
| Respondents Below, Appellants, | § § § § | Court Below: Family Court of the State of Delaware |
| v. | § § § | File No. CN20-02314 Petition Nos. 23-24331 |
| EVELYN CROSS and RONALD STORM, | § § § | 24-04841 |
| Petitioners Below, Appellees. | § § § § | |

Submitted: July 21, 2025
Decided: August 14, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)    On July 9, 2025, the appellants (the "Guardians") filed a notice of appeal from a Family Court order, dated June 9, 2025, that denied the Guardians' petition for permanent guardianship of the appellees' child and granted the petition filed by appellee "Evelyn Cross" ("Mother") seeking rescission of guardianship. The Family Court docket reflected that Mother had filed a motion on July 1, 2025,

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

seeking to shift attorneys' fees to the Guardians. The Senior Court Clerk therefore issued a notice directing the Guardians to show cause why the appeal should not be dismissed for their failure to comply with Supreme Court Rule 42 in taking an appeal from an interlocutory order. In response to the notice to show cause, the Guardians assert that Rule 42 does not apply because the Family Court's order is a final order.

(2) Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final orders.[2] An order constitutes a final judgment when it "leaves nothing for future determination or consideration."[3] A judgment on the merits is not final until an outstanding application for attorneys' fees has been decided.[4] The motion for attorneys' fees has not yet been finally resolved in the Family Court, and this appeal is therefore interlocutory. Because the Guardians did not comply with Rule 42, the Court lacks jurisdiction to hear the appeal.

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED. The docketing fee that the appellants paid to this Court in conjunction

---

[2] *Simmons v. Simmons*, 1992 WL 397461 (Del. Nov. 12, 1992).

[3] *Werb v. D'Alessandro*, 606 A.2d 117, 119 (Del. 1992).

[4] *Davis v. Davis*, 2009 WL 685165 (Del. Mar. 17, 2009); *Simmons*, 1992 WL 397461; *see also Emerald Partners v. Berlin*, 811 A.2d 788, 790-91 (Del. 2001) ("This Court has consistently held, and recently reaffirmed, that a judgment on the merits is not final until an outstanding application for an award of attorney's fees has been decided.").

2

with this appeal may be applied to a future appeal filed by the appellants from the

Family Court's final order.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

3