IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DR. ERIKA R. BROWN, | § | |
| | § | |
| Plaintiff Below, | § | No. 67, 2026 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| TRANSFORMING LIVES, INC. and | § | C.A. No. K24C-02-028 |
| AKOBEN, LLC, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: April 8, 2026
Decided: May 11, 2026

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## <u>ORDER</u>

Upon consideration of the notice to show cause and the response, it appears to the Court that:

(1)    On January 23, 2026, the Superior Court granted the motion for summary judgment filed by the defendants below-appellees, Transforming Lives, Inc. and Akoben, LLC. (collectively, the "Companies"). On February 6, 2026, the Companies filed a motion for attorneys' fees and costs. On February 13, 2026, the plaintiff-below appellee, Dr. Erika R. Brown, filed this appeal.

(2)    The Senior Court Clerk issued a notice directing Brown to show cause why this appeal should not be dismissed for her failure to comply with Supreme

Court Rule 42 in appealing an apparent interlocutory order. In her response to the notice to show cause, Brown contends that Rule 42 does not apply because the Superior Court's January 23, 2026 decision is a final judgment.

(3)     Absent compliance with Rule 42, this Court is limited to the review of a trial court's final judgment.[1] "A final judgment is generally defined as one that determines the merits of the controversy or defines the rights of the parties and leaves nothing for future determination or consideration."[2] A judgment on the merits is not final until an outstanding application for attorneys' fees has been decided.[3] The motion for attorneys' fees has not yet been finally resolved in the Superior Court, and this appeal is therefore interlocutory. Because Brown did not comply with Rule 42, the Court lacks jurisdiction to hear the appeal.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal be DISMISSED.  The filing fee paid by Brown shall be applied to any future appeal she files from a final order entered in this case.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[1] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

[2] *Showell Poultry, Inc. v. Delmarva Poultry Corp.*, 146 A.2d 794, 796 (Del. 1958).

[3] *Emerald Partners v. Berlin*, 811 A.2d 788, 790-91 (Del. 2001) ("This Court has consistently held, and recently reaffirmed, that a judgment on the merits is not final until an outstanding application for an award of attorney's fees has been decided.").